# CHARLESTON.

## HUTTON *v.* HOLT, JUDGE.

Submitted September 10, 1902.  Decided December 20, 1902.

1. PETITIONER—*Mandamus.*

Unless the petitioner shows a clear legal right to have the thing done of which he complains, *mandamus* will be denied. (p. 673).

2. Syllabus Approved.

The syllabus in the case of *Phares* v. *Holt*, or *Marstiller* v. *Ward*, decided at this term, approved.   (p. 673).

Application by Alfred Hutton for writ of *mandamus* to John Homer Holt, Judge, and others.

*Writ denied.*

W. B. Maxwell, for petitioner.

C. W. Dailey, for respondent.

Dent, President:

Alfred Hutton asks the Court for a writ of *mandamus* to compel Hon. John H. Holt, Judge of the Circuit Court of Randolph County, to enter up a judgment in petitioner's favor against Elihu Hutton in a certain action at law in such court pending wherein petitioner was plaintiff and Elihu Hutton defendant.

Petitioner brought suit against the defendant on the 22d day of August, 1901, summons was served and office judgment entered at rules and the case was placed on the trial docket for the October term, 1901. Petitioner filed with his declaration an affidavit as to the amount he was entitled to recover. No action was taken at that term, nor at the succeeding January term, but at the May term, the petitioner moved the court to enter up judgment. The defendant resisted the motion, asked that the office judgment be set aside, and he be permitted to plead. The court overruled petitioners' motion, set aside the office judgment and permitted the defendant to file a plea. The petitioner then applied for this writ, claiming that the court was acting without authority in setting aside the office judgment, as it had become final. This is the same question presented in the case of *Phares* v. *Holt, Judge*, decided at this term. The law is fully settled in that case, and it is useless to repeat it here.

The affidavit filed by the petitioner to obtain judgment is fatally defective in that it fails to conform with the statute in alleging that the debt is not only due, but is unpaid. The court was not bound therefore to enter up judgment until a proper affidavit was filed, nor is the petitioner entitled to a *mandamus* to compel him to do so. A clear legal right to have the thing

done must be shown before a *mandamus* will be awarded to compel the doing thereof.

For this reason the *mandamus* is refused and the petition dismissed.

*Writ denied.*