# CHARLESTON.

THE KINGMAN MILLS v. NOAH C. FURNER.

Submitted November 6, 1921.    Decided November 15, 1921.

1. PLEADING—*Affidavit Failing to Identify Cause and Not Stating That Amount Claimed Was on Demands in the Declaration Fatally Defective.*

   An affidavit by plaintiff, pursuant to section 46 of chapter 125 of the Code, which fails to indentify in any way the cause or action in which it is proposed to be filed, or which in stating the amount he verily believes is due and unpaid from the defendant to him, omits the words "upon the demand or demands stated in the declaration," is fatally defective, and on motion of the defendant should be quashed. (p. 512).

2. PARTIES—*Declaration Describing as a Branch of a Named Company Not Subject to Demurrer for Failure to Identify Plaintiff.*

   A declaration describing the plaintiff as "The Kingman Mills, a branch of the Kansas Flour Mills Company, a body corporate," sufficiently identifies the plaintiff as the Kansas Flour Mills Company, a corporation, the real plaintiff, and a demurrer to the declaration for want of parties· or of proper description of plaintiff, is properly overruled. (p. 514).

3.  **Same**—*Where Plaintiff was Misdescribed in Declaration, it Should be Permitted to Amend.*

> Such misdescription of plaintiff corporation is not good ground for demurrer, and it should of right be permitted to amend its declaration if desired, pursuant to section 14 of chapter 125 of the Code. (p. 515).

(Poffenbarger, Judge, dissenting.)

Error to Circuit Court, Harrison County.

Action by the Kingman Mills, a branch of the Kansas Flour Mills Company, against Noah C. Furner. Verdict and judgment for the defendant, and the plaintiff brings error.

Reversed and remanded.

*Harvey F. Smith*, for plaintiff in error.
*Harvey W. Harmer*, for defendant in error.

Miller, Judge: .

This action was by and against the parties as styled in the above caption, and the final judgment of *nil capiat* complained of, pronounced after verdict for defendant, set aside, and on motion of plaintiff, overruled, for leave to amend its declaration by substituting its correct name, The Kansas Flour Mills Company, a body corporate, trading as The Kingman Mills, in the place of the name in the declaration.

The first point of error urged is that the circuit court, upon defendant's motion, improperly quashed plaintiff's statutory affidavit of the amount which it claimed it was entitled to recover in the action, and permitted defendant to plead to issue without having filed his counter-affidavit, as required by section 46, chapter 125 of the Code. As this statute is in derogation of the common law and designed to cut off defenses without compliance therewith, it should, according to well recognized rules of construction, be strictly construed, and strict compliance therewith required. The affidavit contains no caption showing the style of the action, nor does it show where the action was pending in which it was intended to be filed. The venue is laid in the ''State of Kansas, County of Kingman,'' and is as follows:

"This day E. F. Erbacher, personally appeared before me, Scott Williamson, a Notary Public in and for said county and state and being by me first duly sworn, deposes and says, that he is the manager of the Kingman Mills, a branch of the Kansas Flour Mills Company, a body corporate; that he is familiar with the facts involved in this case and with the books and accounts of his said company generally; that he is authorized by it to make this affidavit; that there is as he verily believes due and unpaid to his said company, as aforesaid from the defendant, Noah C. Furner, including principal and interest, after deducting all credits, payments and sets-off made by the defendant and to which he is entitled the sum of six hundred eighty six dollars and seventy cents ($686.70) that said sum is due, owing and unpaid.

E. F. Erbacher.

"Taken, subscribed, sworn to and given under my notarial seal this 16 day of August, 1918.

Scott Williamson<br>*Notary Public.*"

By said section 46, the plaintiff, to cut off defenses without counter-affidavit, is required to swear that, "there is, as he verily believes, due and unpaid from the defendant to him *upon the demand or demands stated in the declaration,* including principal and interest, after deducting all payments, credits and sets-off made by the defendant, and to which he is entitled, a sum certain to be named in the affidavit." It is apparent that the affidavit is not only wanting in identifying the action in which it-was intended to be filed, but that it omits the very important words of the statute, "due and unpaid from the defendant to him (it) upon the demand or demands stated in the declaration." An affidavit which said "there is due him a certain sum" instead of "there is due and *unpaid,*" was held insufficient to call for judgment under the statute, by reason of the omission of the words "and unpaid". *Marstiller* v. *Ward,* 52 W. Va. 74, approved in *Hutton* v. *Holt,* 52 W. Va. 672. The case of *Vinson* v. *N. & W. Ry. Co.,* 37 W. Va. 598, holds fatally defective an affidavit which omitted the words "after deducting all payments, credits and sets-off made by the defendant, and to which he is entitled." In Virginia it was held that an affidavit was defective for failing to state the time from which plaintiff demanded interest. *The*

*Merriam Company* v. *Thomas & Company.*, 103 Va. 24. Plaintiff's affidavit in this case, we think, was fatally defective, and was properly quashed.

The next ground relied on for reversal is that the court, by its order entered on May 29, 1920, after having overruled it by a previous order, sustained defendant's demurrer to plaintiff's declaration. And a third point, which may be considered with the second, is that after sustaining said demurrer, the court by the same order denied plaintiff the right to amend, already referred to. The second point presents the question whether the suit brought is in the name of any party plaintiff. It is said that "The Kingman Mills, a branch of the Kansas Flour Mills Company" is neither a natural person nor a corporation, capable of suing and being sued. Who is the plaintiff in this case? Is it not plainly the Kansas Flour Mills Company, a body corporate, owner of the Kingman Mills branch of its business? How can there be any doubt or misunderstanding about this? We think the name of plaintiff as pleaded might, without any violence to the rules of practice prescribed by statute and recognized by general law, have been paraphrased so as to more correctly state its name, as for example, "The Kansas Flour Mills Company, a body corporate, The Kingman Mills Branch," or "doing business as the Kingman Mills Branch," or by simply omitting altogether the words, "The Kingman Mills Branch," and specifically averring the fact of plaintiff's ownership of the mills, and that the contract was made in that name and for its use and benefit, followed by proof of the fact. Our opinion is that as stated in the writ and declaration the name pleaded did not in fact or in legal effect constitute a misnomer calling for amendment. In the case of *Board of Education of Walton District, Roane County,* v. *Board of Trustees of Walton Lodge No. 132, I. O. O. F.* 78 W. Va. 445, 447, the suit was upon a contract signed "Walton Lodge I. O. O. F. 132, by C. D. Moore, Its Agent," whereas the defendant was described in the bill, "Board of Trustees of Walton Lodge No. 132, Independent Order of Odd Fellows, a corporation." It was said that because the two names were not identical, they did not describe the same

corporation or entity.    In that case Judge WILLIAMS says, at page 447: "It does not follow that, because the two names are not identical, they do not describe the same corporation, or entity."    And in the same connection it is said: "The name signed to the contract may not be defendant's strictly correct name; yet, if it contracted in that name, it is bound. A corporation, like a natural person, may contract in different names." And quoting from cited cases it is further said: "A contract entered into by a corporation under an assumed name may be enforced by either of the parties, and the identity of the company may be established by the ordinary methods of proof." Citing *Marmet Company* v. *Archibald*, 37 W. Va. 778; *Culpepper Agri. & Mfg. Soc.* v. *Digges*, 6 Rand. 165; *National Bank* v. *Distilling Co.*, 41 W. Va. 530; *Grafton Grocery Co.* v. *Home Brewing Co.*, 60 W. Va. 281; and *Varney & Evans* v. *Lumber & Mfg. Co.*, 64 W. Va. 417. In the principal case it was held that the alleged variance could not be taken advantage of by demurrer, and that by virtue of section 14 of chapter 125 of the Code, the error in names could be corrected by mere motion on affidavit stating the correct name.

Assuming in this case that the plaintiff was misnamed in the declaration, was the name correctable on motion? We think it was. We think the case falls clearly within the provisions of said section 14 of chapter 125, Code. In the more recent case of *Duty* v. *C. & O. Ry. Co.*, 70 W. Va. 14, we decided that the name of the defendant described in the declaration as a corporation under the laws of a different state than the one described in the declaration, when the right one had been intended and served with process, might be corrected by motion under the statute.

Cases from other jurisdictions where similar statutes were involved are substantially in accord with our decisions.    In *Bank of Havana* v. *Magee*, 20 N. Y. 355, it was held that the prosecution of a suit by an individual banker in a name importing a corporate character, under which he carried on business, was a merely formal error amendable in the court of original jurisdiction and to be disregarded in the appellate court, and that where the plaintiff miscalls himself by a name

which represents no person, natural or artificial, the remedy is by motion and not by demurrer or answer.      In *Barber* v. *Smith,* 41 Mich. 138, 144-5, it was decided that this remedy by amendment was properly applied in an attachment suit. In that case the distinction was drawn between a case where the suit is in a partnership name without naming the individuals composing it, as was that case, and cases like *Smith* v. *Canfield,* 8 Mich. 493.      In the latter case, however, the court withheld its opinion whether the writ was a nullity in a sense excluding all possibility of making anything valid out of it by admissions or amendment.      In *Morgridge and Merrick* v. *Stoeffer,* 14 N. D. 430, where the statute is quite similar to our own, the court decided that a summons which contained only the partnership name, was not a nullity, but might be amended by inserting the name of each partner.      A similar holding is found in *Kleinert* v. *Knoop,* 147 Mich. 387, which decided that a petition in the name of Fursternberg Bros. might be amended by setting out the names of the persons composing the firm.      In *Morrison & Co.* v. *Tate,* 1 Metcalf, (Ky.), 569, the suit was in the name of A. J. Morrison & Co.      It did not appear from the petition whether or not the plaintiff was a firm composed of more than one person. If it was, the court said it devolved upon defendant to show it, and that he then could have compelled an amendment.      In *Loewenberg* v. *Gilliam,* 72 Ark. 314, we find a like holding in a suit in partnership name where the names of the individual partners were not set out in the writ or pleadings.

A case or two may be found which may not be in accord with our decisions and those cases cited from other states. For example, we find the case of *Proprietors of Mexican Mills* v. *Yellow Jacket Silver Mining Company,* 4 Nev. 40, where, in construing the statute relating to the amendment of pleadings, the court held it to be inapplicable to cases where no person, natural or artificial, is named as plaintiff.      In the case here an artificial person is named as plaintiff, namely, the Kansas Flour Mills Company; and the motion for leave to amend the declaration falls clearly within the meaning and intent of our statute.      Of course the party plaintiff or defendant must be capable of suing and being sued.      Asso-

ciations of individuals not incorporated can not sue or defend in the name of the association.    *St. Paul Typothetae* v. *St. Paul Bookbinders' Union,* 94 Minn. 351; *Detroit Schuetzen Bund* v. *Detroit Agitations Verein,* 44 Mich. 313; *Simpson and Smith* v. *International Brotherhood of Locomotive Engineers,* 83 W. Va. 355.    In the latter case we held, however, that a corporation contracting under an assumed name may be sued by such name and is estopped to deny its existence for the purposes of the litigation, though proof of the incorporation of the individuals so contracting is essential to the maintenance of the suit.    A steamboat, hotel, toll-gate or racehorse, though having a name, and to which notes or other obligations may be made, may not sue, but suit thereon may be maintained in the names of the real parties in interest. *Steamboat Pembinaw and Owner* v. *Wilson,* 11 Iowa Rep. 479.    So in the case at bar, the Kingman Mills, not a corporation, but a branch of the real plaintiff named in the declaration, may not be competent to sue, but its owner is competent to sue; and the Kansas Flour Mills Company, named as the real owner, is a corporate entity and competent to maintain the suit in the name of the non-entity which it owned and controlled, if it elected to do so.    The case of *Western & Atlantic Railroad Company* v. *Dalton Marble Works et al.,* 122 Ga. 774, we do not regard as being in conflict with the views herein expressed, for that case holds that though a suit can be maintained only in the name of a natural or artificial person capable of suing, nevertheless it holds that if a corporation suing fails to fully or correctly describe its legal entity, it may amend by setting out in the pleading its correct name, distinguishing that class of cases from others cited and relied on by counsel.    The case of *Lilly* v. *Tobbein,* 103 Mo. 477, 23 Am. St. Rep. 887, an action to upset a will, was commenced in the name of an unincorporated church society, and it was decided that members of such church suing in their own behalf as well as in behalf of all the members, might be substituted as plaintiffs by an amended petition.

Upon the authority of the foregoing decisions, and upon our statute properly construed, we think the court erred, not only in sustaining the defendant's demurrer to the declaration, but

also in overruling plaintiff's motion to amend according to the fact then appearing by depositions filed in the case, though in our opinion no amendment of the declaration was actually necessary.

The only other error assigned which may be considered is the giving of defendant's instruction number eight. This instruction is no part of the record of the case by any order or bill of exception, and though copied in the brief of defendant's counsel, can not be considered. The case was finally disposed of by the judgment of *nil capiat* on May 29, 1920, before the act of April 15, 1921, Acts 1921, Chapter 68, became effective. It can be given no retroactive effect.

Our conclusion is to reverse the judgment, and grant the plaintiff a new trial.

*Reversed and remanded.*

POFFENBARGER, JUDGE, *dissenting in part*:

I am unable to concur in so much of the opinion filed by Judge MILLER as holds that the writ and declaration or either of them, is amendable.

The name "Kingman Mills" does not purport signification of either a natural or an artificial person, and the plaintiff has no other name. The appellation is not a defective or erroneous designation of any person. It is a designation of an inanimate thing incapable of suing. The alteration the court allows is a substitution of an artificial person for no person at all.

The annexed descriptive matter, "a branch of the Kansas Flour Mills Company, a body corporate," is only descriptive. It does not purport to give the name of the plaintiff. It merely tells who owns the Kingman Mills, or to whom the Kingman Mills belong, which, of course, amounts to the same thing. It would perform that function just as well, if it were wholly separated from the name, Kingman Mills, and placed in the middle of the declaration or at the end thereof, in different terms. To say the Kansas Flour Mills is named as plaintiff, either accurately or erroneously, is to ignore the terms used and insert new ones. It cannot be interpretation of the language used, for it goes outside of and beyond it.

None of our decisions cited in the opinion are in any sense analogous. They all affirm liberality of construction of the statute authorizing amendments, but, in every one of them, a natural or an artificial person was named as plaintiff. In *Board of Education* v. *Board of Trustees*, 78 W. Va. 445, both parties were correctly or sufficiently described in the pleadings, and the erroneous designation appeared only in an exhibit. In *Duty* v. *C. & O. Ry. Co.*, 70 W. Va. 14, the erroneous designation appeared in only one count of the declaration, and it was clearly a mere misnomer of a person described as a corporation. All of the others cited are equally lacking in analogy. In *Bank of Havana* v. *Magee*, 20 N. Y. 355, the decision was based upon a statute, requiring the courts to ignore and disregard every error or defect in pleadings or proceedings, not affecting the substantial rights of the adverse party. We have no such statute. *Barber* v. *Smith*, 41 Mich. 138, involved the law of collateral attack, and moreover, the court held that the plaintiffs were partially described as being natural persons. In *Smith* v. *Canfield*, 8 Mich. 493, a writ of replevin issued in the firm name of partners was treated as void and quashed. In *Morgridge and Merrick* v. *Stoeffer*, 14 N. D. 430, the court held that the use of a firm name was a partial description of natural persons. In *Morrison & Co.* v. *Tate*, 1 Metc. (Ky.), 569, the court treated "A. J. Morrison & Co.," as the name of a natural person and the appellation did set forth the name of such a person. The phrase "Kingman Mills," used for designation of the plaintiff, are not, in any sense or to any extent, descriptive of the "Kansas Flour Mills Company." The only identical word in both phrases is "Mills" and it does not signify any person of any kind.

I would reverse the judgment and dismiss the action, with a saving clause against prejudice, though I hardly think such a clause is necessary.

Judge LYNCH joins me in this dissent.