# CHARLESTON.

LANDSMAN-HIRSCHEIMER COMPANY *v.* J. A. RADWAN.

Submitted March 14, 1922.    Decided March 21, 1922.

1.  JUDGMENT—*Prescribed Affidavit Must Have Been Served on Defendant to Warrant Judgment on Open Account, by Motion After Notice.*

    To be available for the purposes and functions assigned to it, by provisions of sec. 6, ch. 121, Code, the affidavit therein prescribed, must have been served on the defendant in the action, and service thereof in the time and manner provided must be proved by a return or otherwise.  (p. 591).

2.  SAME—*In Proceedings for Judgments on Account for Merchandise, by Motion After Notice, Affidavit's Omission of Reference to Notice and Demand Held Fatal.*

    Omission of any reference to the notice and the demand or demands therein stated, in such affidavit, is fatal and deprives it of all force and effect.  (p. 591).

3.  SAME—*Affidavit Must Have Been Made Before or at the Time of Service of Copy of Account for Judgment by Motion After Notice.*

    To be effective, such affidavit must have been made before or at the time of service of the notice and a copy of the account to which it is annexed.  (p. 591).

4. SAME—*Judgment on Open Account Based on Fatally Defective Affidavit Held Erroneous.*

A judgment taken upon an open account, the amount of which affirmatively appears by the judgment order, to have been proved only by a fatally defective affidavit, on an inquiry of damages, in a proceeding for judgment by motion, under the provisions of sec. 6, ch. 121, Code, in which the defendant appeared on execution of the writ of inquiry and objected to the use of the affidavit and had his exceptions to the rulings of the court preserved upon the record, is erroneous. (p. 592).

Error to Circuit Court, Wyoming County.

Action by the Landsman-Hirscheimer Company against J. A. Radwan. Judgment for plaintiff, and the defendant brings error.

*Reversed and remanded.*

*Grover C. Worrell,* for plaintiff in error.

POFFENBARGER, PRESIDENT:

The judgment on this writ of error, taken for $1,000.00, on an open account for merchandise sold and delivered, under the provisions of sec. 6 of ch. 121 of the Code, by motion after notice, is complained of on the ground of alleged failure to comply with essential requirements of said statute and other provisions of the law.

Although a copy of the itemized account seems to have been "served upon the defendant" with the notice and in sufficient time, it was not accompanied by the affidavit required by the statute, for the affidavit bears a date four days later than that of the service of the notice. There is no return of service of the affidavit. As the statute, being in derogation of the common law, falls under the rule of strict construction, *Bank* v. *Thomas,* 75 W. Va. 321, there must be an affidavit of the kind required, bearing a date not later than that of service of the notice, and also a return of service of the affidavit as well as one of service of the notice. The affidavit is defective and would not suffice for the purposes prescribed by the statute, if it had been made and properly served in time. It makes no reference to the notice. The plaintiff is required to swear he verily believes

there is due and unpaid a certain amount "upon the demand or demands stated in the notice." Omission of reference in the affidavit, to the demand or demands sued for, as shown by the declaration or notice, is fatal. *Kingman Mills* v. *Furner*, 89 W. Va. 511, 109 S. E. 600. There are no doubt other defects in the affidavit, which need not be noticed.

The defendant's demurrer to the notice and motion to quash it having been overruled, he took an exception, but tendered no plea. Upon the execution of the writ of inquiry, he appeared and objected to the filing of the affidavit on the ground of insufficiency, but the court overruled his objection, accepted the affidavit, treated it as sufficient evidence to prove the amount of the plaintiff's demand and rendered the judgment complained of. The defendant, having excepted to the overruling of his objection, moved the court to set aside the finding and again excepted to the overruling of his motion to set aside.

As an open account is not within the statute dispensing with necessity for a writ of inquiry, sec. 45, ch. 125, Code, it was necessary for the plaintiff to prove the amount of its debt. Only such an affidavit as the statute prescribes can be substituted for evidence of the kind usually required to prove the amount of an account. Sec. 46, ch. 125, Code, authorizes the use of no affidavit save the one prescribed by it, which is the same as the one prescribed by sec. 6, ch. 121, Code. The affidavit used in this case does not comply with the requirements of either statute, in point of form or substance, wherefore it could not properly be used as evidence, and the error in the admission thereof as such was not waived.

Being clearly erroneous, the judgment will be reversed and the case remanded.

*Reversed and remanded.*