# CHARLESTON.

STATE *ex rel.* H. B. MILLER *v.* CITY OF SPENCER *et als.*

Submitted March 20, 1923.   Decided April 3, 1923.

1. MANDAMUS—*Refusal of Pool Room License on Ground that Applicant Convicted Within Year of Operating Gambling House Not Reviewed on Mandamus.*

   The action of the council or other governing body of a city or town, under sections 35a and 35b of chapter 32, (Barnes' 1923) Code, refusing pool room license on the ground that the applicant has been convicted within the last year of operating a gambling house, will not be reviewed by this Court on mandamus. (p. 519).

2. SAME—*Relator Must Establish Clear Legal Right to Relief, Regardless of Matters Set Up in Return.*

   The relator, in such case, must at the time of the hearing for mandamus establish a clear legal right to such relief. He can not relieve himself of this duty on the ground that the respondents have refused such license for cause, (alleged to be insufficient), other than that set up in their return to the petition and alternative writ. (p. 519.)

   93 W. Va.

Action for mandamus by the State, on the relation of H. B. Miller, against the City of Spencer and others.

*Writ refused.*

*Grover F. Hedges,* for relator.

*S. P. Bell,* for respondent.

LITZ, JUDGE:

The relator, H. B. Miller, seeks by mandamus to compel the city of Spencer, and the mayor and common council thereof, to grant him a license for the operation of a pool room therein.

The petition and alternative writ aver that the relator on the 1st day of March, 1923, made application in writing to the mayor and common council of the city of Spencer, for a certificate of license to keep for public use and resort a pool room, containing five pool tables, in a certain room of the Spencer Planing Mill Building, situate at 115 Court Street in said city, at the time tendering to said mayor and common council all fees for issuing such license and the tax thereon from the date of said application to July 1st, 1923; but that the recorder, who was acting in the place and stead of the mayor, and a majority of the members of the common council refused to issue such certificate of license on the ground that the operation of a pool room in the city would not be conducive to good morals. Copy of the order to this effect, entered by said council at the time of such refusal, is filed with the petition.

It is further averred that the relator had theretofore operated a pool room in said city, during which time he had complied with and obeyed all the provisions of the laws with respect to the operation of pool rooms in the State and city; that he is of good moral character, and that the place at which he desires to operate such pool room is a proper place for that purpose; that he has complied with all the conditions and requirements of the ordinances and laws relating to the granting of such license; that he has spent large sums of money in providing himself with pool tables and preparing to operate same; and that the action of said city authorities in refusing

to grant him such license is wholly arbitrary and without just or reasonable cause.

Respondents, the city of Spencer, and the mayor and common council, in their joint answer to the petition and alternative writ, admit that the relator made application for license to operate a pool room, as set forth in the petition, but deny that he, while formerly operating a pool room in said city, complied with and obeyed all provisions of the laws with respect to the operation of pool rooms in this State, and the said city; and aver that the relator is not a suitable or proper person to conduct a pool room, for the reasons that he recently stated to the mayor (Andrew Parks) and the recorder (J. P. Price) that "he was a gambler"; that at the May term, 1921, of the circuit court of Roane county, in which said city is situate, relator was indicted for keeping and maintaining a common gambling house, and on the 18th day of May, 1922, upon his confession to this charge, was fined $100 by said court; and that the relator, as respondents are informed and believe, keeps or has kept a common gambling house.

Respondents further deny that they have arbitrarily and without just cause refused to grant relator such license, and aver that in refusing the same they have acted in good faith, upon reasonable grounds.

It will be seen that respondents have abandoned the ground given in their order refusing said license, that the operation of pool rooms is not conducive to good morals. They now assert that relator is not a fit or proper person to operate a pool room, and exhibit an authenticated copy of record showing his indictment and conviction as averred. The order of conviction recites a sentence of one day in jail and the assessment of $100 fine and costs.

Relator admits his indictment, confession and payment of a fine, but denies that he served any time in jail under this conviction. He further claims that he was not guilty, "and was not the proprietor nor was he running any gaming house, but in order to shield some of those who were present at the time who were his friends, and socially prominent, he agreed to and did plead guilty to said charge"; that the fine and costs were contributed by those for whom he had con-

fessed, and that since that time he has not been charged with any crime, nor gambled except once or twice in very small games and for small amounts; that he '' has not had time to gamble during the past two years, even had he desired to do so, for the reason that he has been steadily engaged in business in the city of Spencer, which occupied all of his time until very late each night.'' This explanation is unsatisfactory for, if true, it places the relator in the light of protecting gamblers and violators of the law.

Relator also denies that he at any time admitted to the mayor and recorder that he was a gambler, but that they did ask him if he had not been indicted under the gambling statute and he admitted that he had been. He says that he is not a gambler either professionally or otherwise, but has played cards in the past for small stakes at infrequent intervals with friends, as a means of diversion; and files numerous affidavits of citizens of the city of Spencer in substance showing that he is industrious, business like, of good moral standing and a fit person to operate a pool room.

Sec. 35a of Chapter 32 (Barnes' 1923) Code, provides:

> ''Every person desiring a license for the purpose of keeping, for public use or resort, a bowling alley, pool table, billiard table, bagatelle table or any table of like kind, shall apply in writing to the county court, and such writing shall state the house and fully describe the place for which such license is desired; and the court may, at its discretion, grant or refuse such application.''

Section 35b provides that where the place in which such business is to be conducted is situate in an incorporated city or town the council or other governing body thereof shall have exclusive power and right to grant such license and all the other powers therein granted to the county court.

These two sections taken together confer upon the town council the same powers to grant or refuse such licenses as those conferred upon the county court by the first section named.

Whether or not a town council is, under said sections, vested

with absolute discretion to refuse all applications for pool room license, where no discrimination is shown among the applicants, on the ground that the conduct of such business is not conducive to public morals, such body is undoubtedly vested with the authority to refuse such license to applicants who are not fit or proper persons to exercise the privilege when its discretion has been used in a reasonable manner and upon proper grounds. The conviction of relator for operating a gambling house should certainly disqualify him for a time as a proper person to conduct a legalized pool room. If so, can this Court say that the passing of a few months since such conviction restores him completely to moral credit? We think not.

The case of *State ex rel Hamrick* v. *Pocahontas County Court et als,* 92 W. Va. 222, 114 S. E. 519, in our judgment controls this question. In that case, it was held that the action of a town council, under said sections 35a and 35b, chapter 32, Code, refusing pool room license on the ground that the applicant had theretofore, while operating a licensed pool room in said town, violated the law regulating the conduct of such business, would not be reviewed by this court on mandamus or other process.

We see no merit in the position of relator that respondents, in their return to the petition and alternative writ, should be confined to their original defense, that the operation of pool rooms is not conducive "to good morals." "It is a basic principle in mandamus that the relator or petitioner must show a clear legal right to what he demands. *Hutton* v. *Holt,* 52 W. Va. 672; Moses on Mandamus, 124; Merrill on Mandamus, sec. 56". *Martin* v. *White,* 74 W. Va. 628, 630.

Relator deemed it necessary to allege his fitness. This respondents deny, and state facts showing unfitness.

Respondent in mandamus may not only deny the facts stated in the petition and return, but set up new matter constituting a defense. Merrill on Mandamus, sec. 267.

The peremptory writ prayed for will therefore be refused.

*Writ refused.*