# CHARLESTON.

State *ex rel.* Miltos Tassos *et al. v.* City of Hinton *et al.*

Submitted September 3, 1924. Decided October 14, 1924.

1. MANDAMUS—*Refusal to Grant Pool Room License to Applicants Convicted of Illegal Conduct Under Former License Held Not Reviewable by Mandamus.*

   The action of the Board of Affairs, or other governing body, of an incorporated city or town in refusing to grant to a firm a pool room license in a room situated in said city, will not be reviewed by mandamus where the refusal to grant said license is based upon the grounds that the applicant had for some years prior to its application for said license been conducting a pool room in the same room under a license granted by said Board, and that numerous complaints have been made by the citizens of said city of boisterous and noisy conduct in said pool room, and that the members of the firm had been convicted of violations of the law in said pool room within the past year, one for gambling and fighting and the other for an assault. (p. 337).

2. SAME—*Refusal of Pool and Billiard Table License Not Reviewable by Mandamus Where Grounds Reasonable or Evidence Conflicting; Clear Legal Right Must be Shown.*

   Under sections 35 and 35a of chapter 32 of the Code, where an application is made to the governing body of an incorporated city for a license to operate pool and billiard tables in said city, and the said license is refused on reasonable grounds, the action of the said governing body will not be reviewed by this court on mandamus, and where charges have been made against the applicant and these charges are denied, and upon which the evidence is conflicting and contradictory, this court will not pass upon the weight of the evidence, and will in no case grant a peremptory writ of mandamus unless a clear legal right is shown. (p. 337).

Original proceeding in mandamus by the State, on the relation of Miltos Tassos and others, against the City of Hinton and others.

*Writ refused.*

*Miller & Hepburn,* for relators.
*A. D. Daly,* for respondents.

McGINNIS, JUDGE:

The relators Miltos Tassos, Gus Kandres and Paul Kandres, partners in business under the firm name of ''Hinton Billiard Parlor,'' were issued an alternative writ of mandamus against the City of Hinton, a municipal corporation, its Board of Affairs, composed of A. G. Flanagan, G. S. Abbot, J. W. Sampson and R. E. Bransford, and G. S. Abbott, mayor of said City, commanding it and them to grant unto said relators a license to operate and conduct a pool and billiard room in their building in said City, describing the location of said building. The writ was made returnable on the 3rd day of September 1924, at 10 o'clock A. M.

The petition which is embodied in the writ and made a part thereof, alleges that the City of Hinton is a municipal corporation with full power and authority under its charter to grant a license to operate and run a pool and billiard room in said City through its Board of Affairs consisting of the above named parties; that relators are citizens of the state and are large property owners and tax payers in said City; that they are, and each of them is of good moral character, and of good reputation in the community; that they have violated none of the laws of the state nor any of the ordinances of the said City; that they have for the past three years been operating a pool room in said building under license granted to them by said City, and that they have conducted the pool room in a legitimate and proper manner; that the place at which they desire to operate their pool room is a fit and proper place to conduct such business; that they have complied with all of the provisions and requirements of said City and state relating to the granting of licenses; that they are ready and willing and offer to pay all legitimate and lawful license taxes and fees, and to execute any lawful bonds that may be required of them; relators further aver that on the 7th day of July, 1924, they presented their petition and request to the said Board of Affairs of the said City of Hinton, and requested that license be granted to them to operate a pool room and billiard room in their building at 217-3rd Avenue in said City, being the same room in which they had operated under license for said business for the past

three years, and that said license as heretofore granted be renewed for another full year. Said application and motion for license was postponed for one month and, on the 7th day of August, 1924, said Board of Affairs for the said City of Hinton, refused any license to relators to operate and conduct a pool and billiard room as prayed for in their application, and endorsed thereon "Refused", and entered an order on its records August 7th, 1924, refusing any license to conduct said business as herein stated; and that refusal of said Board of Affairs to grant said license was arbitrary and without any just cause; that relators have expended large sums of money, to-wit, $7,500.00 in purchasing tables and preparing to operate them in said room.

On the return of said writ the respondents filed their return in which they say among other things that the preparation made by the relators for operating said pool room does not represent an investment of $7,500.00 or anything like that amount; that it is true that the petitioners have heretofore been granted a license to operate said pool room, but aver that it is not true that the same has been legally and lawfully conducted without complaint, but on the contrary that numerous complaints have been made by citizens and officers of the noisy and boisterous conduct in said pool room; that one of the petitioners, to-wit, Gus Kandres, who was in charge of the pool room for the relators at the time, has been convicted and fined for fighting in said pool room; that Miltos Tassos, another of the relators, has also been convicted and fined in police court in Hinton for fighting and gambling in said pool room; further respondents deny that the relators are of good moral character, but on the contrary say that two of the relators, to-wit, Miltos Tassos and Gus Kandres, were on the 21st day of July, 1924, indicted by the grand jury of Summers County for leasing property in the City of Hinton for the purpose of being kept and run as a house of ill fame, and that the indictment now stands on capias; that continuous complaints have been made during the last license year against the relators for allowing gambling in the said pool room, and on one occasion the complaints became so strong that the police made a raid and found what is known as "Kelly Balls" which are well known devices of gambling;

that petitioners conducted a rooming house over their said pool room, and that complaints have been made of the manner of conduct of said house, and that men and women have been arrested there and fined for loitering therein; that all of these charges have occurred within the last few months and within the last license year; respondents further say that they did refuse the license applied for, but deny that they acted arbitrarily, but on the contrary with due and reasonable discretion, and they therefore acted within the terms of the statute.

To which return the relators filed a special replication which practically denies all of the material allegations of the return of said city.

Many affidavits were filed by the relators in support of the writ tending to deny the allegations set forth in the return. Respondents filed affidavits in support of the return, and also filed the records of the Police Court showing the convictions of two of the relators, Miltos Tassos and Gus Kandres, for fighting and gambling in said pool room, and they also filed other affidavits showing that numerous complaints had been made against the manner in which said pool room had been conducted previous to the application for the license, several of these affidavits speak of the noisy and boisterous conduct in said pool room.

The affidavits filed by the relator are chiefly of a negative character and fail to substantially deny the specific charges made in the return, except in a general way. The affidavit of Miltos Tassos admits the conviction of Gus Kandres for an assault in said pool room, but denies any other violations of the law therein, but it fails to specifically deny the charge that he was convicted in the Police Court of said City for gambling and fighting in said pool room a short time prior to the time of filing of the application praying for a license, the refusal of which by the said Board of Affairs is here complained of by the relator.

Under the charter of the City of Hinton, passed by the legislature and in effect at the' time the said application for a license was made, the said Board of Affairs was the governing body of said City of Hinton,, with full power under

said charter and under sections 35 and 35a of chapter 32 of the Code to grant or refuse said license.

Section 35a of chapter 32 of the Code is as follows:

> "Every person desiring a license for the purpose of keeping, for public use or resort, a bowling alley, pool table, billiard table, bagatelle table or any table of like kind, shall apply in writing to the county court, and such writing shall state the house and fully describe the place for which such license is desired; and the court may, at its discretion, grant or refuse such application."

Section 35 of chapter 32 is as follows:

> "* * * *Provided*, that where such place is situated in an incorporated town or city, the council or other governing body shall have exclusive power and right to grant such licenses and shall have all of the rights and powers herein granted to the county court."

These two sections read in connection with the charter of the City of Hinton confer upon the Board of Affairs of said City the discretionary power to grant or refuse licenses to operate pool tables and billiard tables within the said City. This discretionary power to refuse a license for such business cannot be exercised arbitrarily or capriciously, but if it for good and sufficient cause refuses to grant such license this court cannot review its action by mandamus. And in the present case we think the facts justified the Board of Affairs of said City in refusing said license. *State ex rel Miller* v. *City of Spencer*, 93 W. Va. 516; *State ex rel Hamrick* v. *Pocahontas County Court*, 92 W. Va. 222.

In the case of *State ex rel Hoffman* v. *Town of Clendenin*, 92 W. Va. 618, relied upon by the relator, the court in its opinion by Judge LIVELY on page 621 says:

> "There must be some good cause for refusing a license to conduct a legitimate business, and where the licensing officers, after examination and consideration, honestly and impartially made, can point to some reasonable basis for refusal, their

judgment and discretion will not be disturbed by·
the courts.''

The peremptory writ will therefore be refused.

*Writ    refused.*