# CHARLESTON.

STATE *ex rel.* E. L. STEPHENSON *et al v.* BOARD OF EDUCATION OF THE INDEPENDENT SCHOOL DISTRICT OF HENRY *et al.*

Submitted September 16, 1924.  Decided October 28, 1924.

MANDAMUS—*One Seeking Mandamus Must Show Clear Legal Right to Relief Sought; Mandamus Will Not Lie to Compel Election Officers to Certify Result of Invalid Election.*

One seeking mandamus must show a clear legal right to the relief sought, and as no legal title to office can be derived by a candidate in an invalid election the writ will not issue to compel election officers to complete their duties with reference to certifying the result of such election.

Original proceeding for mandamus by the State on the relation of E. L. Stephenson and others, against the Board of Education of the Independent School District of Henry and others.

*Writ refused.*

*B. T. Clayton,* for relators.
*O. L. Hall,* for respondents.

LITZ, JUDGE:

Relators E. L. Stephenson, James Reed and J. A. Sizemore in this proceeding seek by mandamus:

(1)  To compel the secretary of the Board of Education of the Independent School District of Henry, in Clay County,

to permit the election commissioners to make such corrections in their certification of the election returns of an alleged election held in said district June 7, 1924, as may be necessary to a regular certification thereof, in no way touching the election results; and

(2)   To command said board of education, as board of canvassers, to certify the results of the election, showing the election of relators Stephenson and Sizemore.

It appears that the board of education, consisting of the respondents P. H. Frankfort, president, J. F. Wilson, James Reed and J. A. Sizemore, members, because of the negative vote of respondents Frankfort and Wilson, not only refused to permit the election commissioners to amend and correct an alleged defective certification of their election returns to said board of canvassers of said alleged election, although so requested by the commissioners; but have also failed and refused to exercise as such board of canvassers the mere ministerial duty to certify and declare the results of their canvass of the election returns, claiming that said election was illegal and void because no registration of the voters in the district was had prior to such election.

Relators aver that said election was duly and legally held on the first Saturday in June, 1924, that being the day designated by Chapter 23, Acts of the Legislature of 1905, creating said district, for annually holding an election for members of the board of education; but in their petition relators admit that no registration of voters in said district was had prior to such election, alleging that ''Owing to the fact that the Act creating the said Independent School District makes it necessary that the election shall be had in such district long prior to the date of holding the general election in West Virginia, and prior to taking the registration for said election, it is impossible, as well as inconvenient, to make any registration of the said voters in said Independent District,'' and that it is unnecessary to do so.

However, in our decision in the case of *Eakle* v. *Board of Education,* certified to this Court from the circuit court of Clay County and handed down contemporaneously with this opinion, we have decided that it is necessary that registration

be had of the voters in said district prior to such annual election. The reasons given for the decision in that case will not be repeated here.

While the writ prayed for may be awarded to compel election officers to perform their duties, yet to justify the exercise of the Court's jurisdiction for this purpose it is essential that relators show good title or perfect right to the remedy demanded. "The writ of mandamus being justly regarded as one of the highest writs known to our system of jurisprudence, it issues only where there is a clear and specific legal right to be enforced, or a duty which ought to be, and can be performed, and where there is no other specified and adequate legal remedy. The right which it is sought to protect must therefore be clearly established, and the writ is never granted in doubtful cases. The person seeking the relief must show a clear legal right to have the thing sought by it done, and done in the manner and by the person sought to be coerced." High's Extr. Leg. Rem., 3d ed., Secs. 9, 53; 26 Cyc. 151; *Hutton* v. *Holt*, 52 W. Va. 672, 44 S. E. 164.

Relators say, and the fact is admitted, that the registration law was not complied with previous to the election. For this reason the alleged election is null and void. *Eakle* v. *Board of Education, supra; State ex rel Ensworth* v. *Albin*, 44 Mo. 346, (holding that the writ will not go to compel the issue of a commission to an alleged successful candidate when the laws of the State providing for the registration of voters have not been complied with).

Relators have acquired no legal right as candidates in an invalid election. The writ will be refused.

*Writ refused.*