# CHARLESTON.

### JULIAN W. ROGERS v. J. P. WOLF

### (No. 5932)

Submitted September 20, 1927.    Decided September 27, 1927.

JUDGMENT—*Affidavit Required to be Served and Filed With Notice of Motion of Judgment, Omitting Reference to Notice or Demands Therein, is Invalid (Code, c. 121, § 6).*

The affidavit of the plaintiff or his agent prescribed by Section 6, Chapter 121, Code, to be served and filed with the plaintiff's notice, which omits any reference to the notice and the demand or demands therein stated, is invalid, and without legal effect under the statute.

(Judgments, 34 C. J. § 432.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Monongalia County.

Action by Julian W. Rogers against J. P. Wolf. Judgment for plaintiff, and defendant brings error.

                              *Reversed and remanded.*

*Richard E. Davis,* for plaintiff in error.
*Frank M. Brand,* for defendant in error.

LITZ, JUDGE:

This is an action by notice of motion for judgment. The notice states that the plaintiff will demand judgment against the defendant in the sum of $1,509.12 "on account of goods, chattels, wares and merchandise sold and delivered" to the defendant at his special instance and request "between the 31st day of March, 1926, and the 17th day of July, 1926", and that "the itemized account hereto attached shows the credits to which" the defendant is "entitled and the balance due the plaintiff." The affidavit of the plaintiff, served upon the defendant with the notice follows:

"State of Massachusetts,
  County of Suffolk:
    Be it remembered that on this 19th day of October, A. D. 1926, personally appeared before me, the undersigned authority, Julian W. Rogers, known to me, who being duly sworn, upon his oath stated that he is a sole trader doing business as Rogers Bros. Shoe Co., and that as such he makes this affidavit; that he is familiar with the books and business of said Rogers Bros. Co., that the attached account against J. P. Wolf of Morgantown, W. Va., is just and correct, within the knowledge of this affiant; that the items thereon stated and composing the said account were sold and delivered to said J. P. Wolf at his special instance and request; that credit has been duly given for all payments and just and lawful off-sets to which said account is entitled as thereon stated; and that the balance thereof amounting to the sum of Fifteen Hundred Nine and 12-100 Dollars ($1,500.12) with interest from......................., 19......, is justly due and remains unpaid.
                              JULIAN W. ROGERS.

"Sworn to and subscribed before me on the day and year first above stated.

RUFUS W. JONES,
(SEAL)                                    Notary Public.
County of Suffolk, State of Mass.
My Commission expires November 26th, 1930."

Following the affidavit is an itemized account entitled:

"Itemized Account

San Francisco                                    Boston
ROGERS BROS. SHOE CO.
The House of Smart Shoe Novelties.
59 Lincoln St. (Cor. Essex) Boston, Mass.
In account with J. P. Wolf,
Morgantown, W. Va."

showing a balance of $1,509.12.

The defendant objected to the affidavit and moved to exclude the same because it does not refer to the notice, or "the demand or demands stated" therein as required by section 6, chapter 121, of the Code, providing that, "if the plaintiff shall file with his notice, and shall serve upon the defendant at the same time and in the same manner as the notice is served, an affidavit by himself, or his agent, stating distinctly the several items of the plaintiff's claim, and that there is, as the affiant verily believes, due and unpaid from the defendant to the plaintiff upon the demand or demands stated in the notice, including principal and interest, after deducting all payments, credits and sets-off made by the defendant, or to which he is entitled, a sum certain to be named in the affidavit, no plea shall be filed in the case unless the defendant shall file with his plea the affidavit of himself, or his agent, that there is not, as the affiant verily believes, any sum due by the defendant to the plaintiff upon the demand or demands stated in the plaintiff's notice, or stating a sum certain less than that stated in the affidavit filed by the plaintiff, which as the defendant, or his agent, verily believes, is all that is due from the defendant to the plaintiff upon the demand or demands stated in the plaintiff's notice."

The motion to exclude the affidavit having been overruled, judgment was entered thereon in the sum of $1509.12.

The same grounds are now urged against the affidavit for reversal of the judgment.

The defects noted render the affidavit invalid. "Omission of any reference to the notice and the demand or demands therein stated, in such affidavit, is fatal and deprives it of all force and effect." *Landsman-Hirschheimer Company* v. *Radwan,* 90 W. Va. 590; *Kingman Mills* v. *Furner,* 89 W. Va. 511. The Circuit Court, therefore, erred in refusing to exclude the affidavit and in entering judgment without legal evidence.

The judgment complained of is reversed and the motion to exclude the affidavit sustained.

*Reversed and remanded.*