J. T. DREW, *Relator v.* CITY OF MOUNT HOPE, *a corporation, et al.*

(No. 7788)

Submitted September 20, 1933. Decided October 3, 1933.
(Rehearing denied December 12, 1933)

*Carl C. Sanders* and *E. Clyde Scott,* for relator.
*Dillon, Mahan & Holt,* for respondents.

WOODS, JUDGE:

John T. Drew seeks, by mandamus, to compel the City of Mount Hope, and its mayor, clerk and councilmen, to transfer licenses theretofore granted him to operate a restaurant, soft drink stand, sell and dispense cigars, cigarettes and other

preparations of tobacco, to another building from that occupied at the time of obtaining said licenses, and in addition thereto to issue him a license to sell and dispense beer in his new place of business.

According to the petition it appears that Drew has been licensed for the past three years to operate a hotel, and all of the other things hereinbefore enumerated, except the selling and dispensing of beer, in a building known as the Palamette Hotel; that on July 1, 1933, the common council of the City of Mount Hope again issued, or renewed, petitioner's licenses; that on August 1st petitioner surrendered his lease on the Palamette Hotel and leased a portion of the Ray building on the same side of the street, approximately one hundred feet from the Palamette Hotel; that on August 16th he filed an application with the city clerk to have said licenses (except that to operate a hotel) transferred to a room in the Ray building, and, at the same time filed an application for a license to sell and dispense non-intoxicating beer in the manner prescribed by law; that the necessary amount of money was tendered to the clerk, who accepted the same, issued a license to sell non-intoxicating beer, advised petitioner to continue his other business, informing him that he would be advised when said licenses were actually transferred; that on August 18th the city council attempted to revoke the license theretofore secured from the clerk and refused to transfer the other licenses to his new place of business. The petitioner further avers that he then filed applications with the council seeking new licenses in each case, including a license to sell and dispense beer; that the city council thereupon refused to issue said licenses and gave no good reason for their refusal so to do; that on the 5th day of September the petitioner, in accordance with the ordinance of said city, appeared before the council for a hearing as to why said council had not transferred and issued licenses as requested; that a hearing was had in regard thereto; that no evidence was produced at said hearing against the petitioner; that petitioner demanded particularization as to the grounds for refusal to grant him said licenses but the council refused to give the same.

The answer, after admitting that petitioner had been doing

business under certain licenses in the Palamette Hotel, avers that respondents, under the charter and statutes of the city, had no right to transfer licenses; that their action on August 18th was taken after a full hearing as to the fitness of the applicant for said business; that applicant was summoned to appear, according to the ordinance, at the regular meeting thereafter, to-wit, September 5th, to be heard in respect to its action in refusing to grant said licenses; that upon his appearance petitioner was informed that the licenses were refused upon information given to it by the city police; that the petitioner made no request for a particularization of the grounds of refusal, nor for a hearing, and that no information possessed by the council was withheld by them. The answer further avers that for a period of three years the petitioner had operated for profit, gambling rooms in the Palamette Hotel and had participated in such games; that intoxicating liquors were sold and dispensed by the petitioner and that he was often intoxicated; and that he was guilty of immorality, and being cruel and inhuman in his treatment of his wife.

The petitioner offers no proof to the effect that he requested a hearing on the 5th day of September, 1933, as well as a particularization of the reasons for the council's refusal to grant him the licenses prayed for. Therefore, in view of denials by respondents, we are compelled to decide against petitioner on these vital questions. Ordinance No. 57, of the City of Mount Hope, provides: ''However, that any refusal to grant such permit shall be entered of record on the minutes of the meeting of the council, and the applicant shall be permitted to appear before the next regular meeting of the council and be heard by said council in respect thereto and be then and there advised of the reasons for the refusal of said permit or license.'' According to the answer, the city informed petitioner of the reasons for its action in regard to its denial to him of his license. The city further files a number of affidavits of its members, the city officers, and three or four private citizens, tending to show the unfitness of the petitioner to be granted licenses for any purpose. In these proceedings affidavits may not be read as evidence unless the

138

opposite party shall have notice of the taking of them, so that he may appear and cross-examine said witnesses, or the attorneys may agree upon their reading. *Smith* v. *Town of Ravenswood,* 104 W. Va. 614, 140 S. E. 680. There seems to be no notice of the taking of these affidavits given to the petitioner. On the contrary, he appears at the hearing and objects to the filing of same, and asks that they be rejected. Under our former holding we are compelled to sustain his motion. We cannot accord them evidential value under our decisions. *Tassos* v. *City of Hinton,* 97 W. Va. 334, 125 S. E. 148; *State* v. *Town of Clendenin,* 92 W. Va. 618, 115 S. E. 583.

But under the allegation of particularization by the petitioner and the denial of its being made, we would decide that as to the act of granting a license for the sale and dispensing of non-intoxicating beer, the act of the council will not be interfered with. However, in regard to the transfer of the licenses for operating a restaurant, soft drink stand, and dealing in tobaccos, they having been issued for the year beginning the 1st day of July, 1933, we would award the writ directing said transfer. Should the city desire to revoke said licenses for the grounds set out in the answer, it could do so only in accordance with the provisions of the statute.

Therefore, the writ, as defined, will be awarded.

*Writ awarded.*