CAPITOL BUSINESS EQUIPMENT, INC., *a corporation*

*v.*

JOHN M. GATES, *Commissioner, etc., et al.*

(No. 13094)

Submitted September 2, 1971.    Decided October 19, 1971.

*Lewis, Ciccarello, Masinter & Friedberg, Arthur T. Ciccarello,* for relator.

*Chauncey H. Browning, Jr.,* Attorney General, *Cletus B. Hanley,* Deputy Attorney General, *Victor A. Barone,* Assistant Attorney General, for respondents.

CAPLAN, PRESIDENT:

In this original proceeding in mandamus the petitioner, Capitol Business Equipment, Inc., a West Virginia corporation, seeks a writ to compel the respondents, John M. Gates, Commissioner of the Department of Finance and Administration and Ben E. Rubrecht, Purchasing Director for the State of West Virginia, to restore the petitioner to its right to bid on state purchases. The petitioner, a dealer in office furnishings, fixtures and equipment, had been for many years prior to January 6, 1970 a registered and qualified vendor doing business with the State of West Virginia pursuant to the provisions of Code, 1931, 5A-3-14a, as amended.

It appears from the record of this proceeding that, by letter dated May 4, 1971, respondent Gates informed the petitioner that it was suspended "from the right and privilege to bid on State purchases." This suspension commenced on May 4, 1971 and was imposed for a period not to exceed one year. It is from this suspension that the petitioner here seeks relief.

Certain contentions of Capitol Business Equipment require reference to a former proceeding in this Court in which it was involved. On January 6, 1970, the petitioner was indicted by the Grand Jury of the Intermediate Court of Kanawha County on a charge of violating Chapter 5A, Article 3, Section 38 of the West Virginia Code, as amended. On that day, the then Commissioner of Finance and Administration, by reason of said indictment, suspended the petitioner from the right and privilege of bidding on state purchase. That suspension was to extend for a period not exceeding one year or until disposition of the charges against it had been made. Thereafter, the petitioner filed an appeal with the board provided in Code, 1931, 5A-3-40, as amended, wherein it questioned the propriety of the suspension. Rejecting the petitioner's position, the board refused reinstatement.

By an order of the Intermediate Court of Kanawha County dated August 6, 1970 the indictments against Capitol Business Equipment, Inc. were dismissed and that defendant was discharged.

Subsequently, more than a year after its suspension, the petitioner, alleging that it had not been reinstated to bid on state purchases, filed a petition in mandamus in this Court seeking to compel the respondents to reinstate it. On the return day of the rule granted by this Court the respondents answered by showing that the petitioner had been reinstated. On this showing that the demand of the petitioner had been satisfied the case was dismissed as moot.

The petitioner now contends that the reinstatement of its right to do business with the state was dependent upon its answers to certain questions posed by the Commissioner of Finance and Administration; that such reinstatement was therefore limited and amounted to a subterfuge to circumvent a ruling of this Court; and that the May 4, 1971 suspension cannot be based on acts which occurred prior to that date.

In their answer the respondents deny that they were engaged in any subterfuge and attempt to specify the reasons for the instant suspension. Principally, however, their answer relies on the failure of the petitioner to exhaust its administrative remedies which are clearly provided in Code, 1931, 5A-3-40, as amended. Having this adequate remedy, assert the respondents, the petitioner cannot avail itself of relief by mandamus.

It has long been established in this jurisdiction and others, including decisions of the United States Supreme Court, that where an administrative remedy is provided by statute or by rules and regulations having the force and effect of law, relief thereunder must be sought and the remedy thereby afforded must be exhausted before the courts will act. This is succinctly stated in Point 1 of the Syllabus of *Daurelle* v. *Traders Federal Savings and Loan Association of Parkersburg,* 143 W.Va. 674, 104 S.E. 2d 320, which reads as follows: "The general rule is that where an administrative remedy is provided by statute or by rules and regulations having the force and effect of law, relief must be sought from the administrative body, and such remedy must be exhausted before the courts will act."

In support of this proposition see *State ex rel. Gooden* v. *Bonar,* 155 W.Va. 202, 183 S.E.2d 697; *The Bank of Wheeling* v. *Morris Plan Bank & Trust Co.,* 155 W.Va. 245, 183 S.E.2d 692; *State ex rel. Burchett* v. *Taylor,* 150 W.Va. 702, 149 S.E.2d 234; *Fahey* v. *Mallonee,* 332 U.S. 245, 67 S. Ct. 1552, 91 L. Ed. 2030; *First National Bank of Greeley* v. *Board of County Commissioners of the County of Weld,* 264 U.S. 450, 44 S. Ct. 385, 68 L. Ed. 784; and *Abelleira* v. *District Court of Appeal, Third District,* 17 Cal. 2d 280, 109 P.2d 942, 132 A.L.R. 715. See also 73 C.J.S., *Public Administrative Bodies and Procedure,* Sec. 41; 42 Am. Jur., *Public Administrative Law,* Sec. 197; and 2 Am. Jur. 2d, *Administrative Law,* Sec. 595.

Before one may seek the extraordinary remedy of mandamus he must exhaust the administrative remedies

provided by law. *Drew* v. *City of Mount Hope,* 114 W.Va. 135, 171 S.E. 743; *Doran* v. *Whyte,* 75 W.Va. 368, 83 S.E. 1025; *Goldsmith* v. *United States Board of Tax Appeals,* 270 U.S. 117, 46 S. Ct. 215, 70 L. Ed. 494.

In the instant case the petitioner had the opportunity to appeal the respondents' action to a board pursuant to the provisions of Code, 1931, 5A-3-40, as amended. It did not avail itself of this administrative remedy, and, in accordance with the authorities set out above, it cannot now obtain relief by mandamus.

For the reasons stated herein the writ of mandamus, prayed for in the petition, is denied.

*Writ denied.*