# CHARLESTON.

## Ex Parte: G. C. Hickey.

### Submitted March 21, 1923.   Decided March 22, 1923.

Habeas Corpus—*Discharge of Prisoner Held Properly Denied.*

> Upon an application for discharge by writ of *habeas corpus,* where it appears that the prisoner has been arrested upon a warrant, duly issued by a justice of the peace upon complaint and information, on oath, of some credible person, charging that the prisoner was guilty of the offense of being an accessory to a murder committed in the county, and arraigned therefor before such justice and that he waived his preliminary hearing and was regularly committed to the custody of the jailer, discharge of the prisoner will be refused, although he states in his petition, verified, that at the time of his preliminary hearing another warrant for the same offense was issued by the justice who inserted therein the name of the jailer, then present, as the person upon whose information that warrant was issued.

Original petition of G. C. Hickey against Don Chafin, Sheriff, and others for a writ of habeas corpus for release from custody.

*Petitioner remanded.*

*H. W. Houston, C. J. Van Fleet* and *T. C. Townsend,* for petitioner.

*A. M. Belcher,* and *Chafin & Estep,* for respondents.

Lively, Judge:

G. C. Hickey in his petition alleges that he was arrested by deputy sheriffs of Logan county, upon some fictitious charge, on the 24th of February, 1923, while returning to his home from Berkeley Springs where he had been summoned as a witness in a criminal prosecution, and lodged in the jail of Logan county, and at his request was arraigned before G. F. Gore, a justice of the peace of that county, on the 27th day of that month. He charges that the prosecuting attorney of that couny prepared a warrant at the pre-

liminary hearing and inserted the name of W. E. White, the
jailer of the county then present in charge of the prisoners
as the person upon whose complaint the warrant was issued,
and that the warrant charges him with being an accessory
before the fact to the murder of John Gore, John Caffago
and James Munsey, in Logan county, in August, 1921. He
avers that he was then taken before the judge of the circuit
court of that county upon an application for bail, which,
upon a hearing, was refused; and the evidence. taken on the
hearing is made a part of his petition for habeas corpus.
Petitioner charges that he is held for no purpose other than
to be punished because of some personal disappointment on
the part of the prosecuting attorney with respect to the
prosecution of a criminal case against one Frank Keeney,
in which he, Hickey, was summoned as a witness at the trial
to have been had at Berkeley Springs, and from which he
was returning at the time of his arrest; that the only pre-
tense of any offense committed by him with reference to the
crime with which he is charged is contained in a statement
alleged to have been made by him to one Albert Belcher,
which alleged statement is made part of the record. He
charges in substance that his imprisonment is the result of
ill founded persecutions by the officers of Logan county
against persons who have incurred their ill will or disap-
proval. He does not aver in his petition that he is innocent
of the charge for which he is being held, but possibly that
may have been intended to be included as a part of the peti-
tion. He charges that he is restrained of his liberty against
his will and without lawful authority and prays to be dis-
charged on a writ of *habeas corpus*. The writ was issued in
accordance with his prayer against the sheriff and jailer of
Logan county, who appeared by counsel, demurred to the
petition and moved to quash the same and filed a return
denying the illegality of the restraint of petitioner and aver-
ring that Hickey was arrested on a warrant issued by Fulton
Mitchell, a justice of Logan county, after due complaint
had been made before said justice that Hickey had com-
mitted a felony in Logan county, a copy of which warrant
so issued is made a part of the return; that after his arrest

he was placed in the jail of said county, and some time thereafter was arraigned before G. F. Gore, a justice of the peace of Logan county upon said charge, and thereupon he waived a preliminary examination and was remanded to jail to await the action of the grand jury to be called at the April term of said court; that he afterwards applied for bond to the judge of the circuit court which was refused upon a hearing, and was remanded to jail by said judge to await the action of the grand jury. Respondents deny knowledge of any matters set forth in the petition relative to the spite or ill feeling therein alleged to exist on the part of certain persons against the petitioner. The return denies such allegations of the petition and says that these allegations are immaterial so far as respondents are concerned; and respondents aver that they have simply carried out their duties as public officers and are detaining the applicant under due process and authority of law.

It will be observed from the petition that the claim on which release from imprisonment is sought by this writ is that the charge of felony in the murder of Gore is fictitious and is the result of (1) spite and ill feeling on the part of certain officials toward the applicant arising out of his connection as a witness with the criminal prosecution against Keeney; and (2) that the warrant upon which he was tried at the preliminary hearing was based upon the information of probable cause by White, the jailer, who was then present and whose name was inserted by the prosecuting attorney when the warrant was prepared.

We cannot consider the allegation of want of probable cause. The evidence in support thereof was taken upon an application for bail, and not upon the preliminary hearing. Upon the application for bail it was not incumbent upon the state to detail evidence which was in its possession of the commission of the crime by the defendant. It would have been required to produce sufficient evidence to sustain a conclusion of probable cause at the preliminary hearing, but not on the application for bail. The waiver of a preliminary examination by persons charged with crime is prima

facie evidence of probable cause. *Brady* v. *Stiltner*, 40 W. Va. 289.

Was the warrant charging this defendant as accessory before the fact to the murder of John Gore, John Caffago and James Munsey, alleged to have been prepared at the time of the arraignment before justice G. F. Gore, sufficient to give the justice jurisdiction of the case? The petition says that a warrant was then prepared on which they were tried and held over to answer an indictment. It is charged that the name of White, the jailer, who was present at the time, was inserted in the warrant as the person who had made the complaint on which the warrant was based. The warrant itself is not made a part of the petition. We know not what it contains. We assume that it was issued regularly; that it was in due form and signed by the justice upon the complaint of some credible person. It is not imperative that the complaint upon which a warrant is issued should be reduced to writing. Neither the constitution nor the statute require it to be made in writing. The constitution in Article III, section 6, says: "No warrant shall issue except upon probable cause supported by oath or affirmation particularly describing the place to be searched, or the person or thing to be seized." Sec. 26 of chap. 156 says that where complaint of a criminal offense has been made to a justice, "he shall examine, on oath, the complainant and any other witnesses, and if he sees good reason to believe that an offense has been committed, shall issue his warrant reciting the accusation, and requiring the person accused to be arrested and brought before a justice of the county." It is the usual practice for the justice to reduce the statement of the complainant to writing and require him to sign and formally make oath thereto. This is the safe course, as it would preserve accusation and prevent denial thereof. It would be a protection to the justice or judge issuing the warrant and show that he did not issue it upon his own initiative and that he had probable cause therefor. Whether White had theretofore been examined under oath or whether he had made such complaint in writing does not appear. We must

presume that a public officer has done his duty, and that there was a sufficient complaint before him under oath as a basis of the warrant.

The allegations of the petition are insufficient for us to hold that the warrant was illegal and void. *Ex parte Evans*, 42 W. Va. 242. Moreover, it appears from the evidence upon the application for bail, which is exhibited as a part of the petition, that when defendant was arrested at or near Hinton on his return from Berkeley Springs, the officers had a warrant charging him with having committed murder upon John Gore, which warrant was read to Hickey and his companions, William Arms and Walter Arms. In the evidence of William Arms he said he was arrested upon a warrant for killing John Gore; and Walter Arms was asked: "Q. When did you hear of any charge against you? A. It was below Hinton three deputy sheriffs got on the train and said, 'we have got a warrant for you fellows, all three of you (William Arms, Walter Arms and G. C. Hickey), he said 'Where is Blankenship?' and I said 'Eating his breakfast,' and he handed me the paper and asked me if I wanted him to read it to me, and I said 'Yes,' and he read it off to me.'" This was evidently the warrant, a copy of which is filed with the return, and appears to have been issued by F. Mitchell, a justice of the peace of Logan county; and states that it was issued upon the complaint and information on oath by Jess Price, to the effect that Frank Kitchen, on the 31st of August, 1921, in the county of Logan, did feloniously, wilfully, etc., slay one John C. Gore; and on that day and year, in said county, G. C. Hickey did feloniously, wilfully, maliciously and deliberately counsel, procure and instigate the said Kitchen to slay, kill and murder John C. Gore in the manner and at the place aforesaid; therefore the warrant was issued in due form for the arrest of G. C. Hickey. This information and warrant charges that Hickey was an accessory before the fact to the murder of John Gore; the petition for *habeas corpus* alleges that Hickey was tried on a warrant charging him with being accessory to the murder of Gore, Munsey and Caffago, and

that the warrant was written out by the prosecuting attorney in the presence of the justice and the petitioner at the preliminary hearing before G.. F. Gore, the justice. The two warrants, for the purposes of this case, are practically the same. Upon this state of the record we do not feel justified in saying that either one of these warrants was issued without proper information and complaint under oath of some credible person showing probable cause. On which of these warrants was Hickey held? He was arrested on a proper warrant. Is he yet held under that warrant, and was the commitment as a result thereof? There is respectable authority that the affidavit of a prisoner cannot prevail, on a controverted fact, over the record made of his arraignment. *Gillispie* v. *People,* 176 Ill. 238. We think the oath or affirmation is essential to the jurisdiction of a magistrate where the offense has not been committed in his presence, and it is a general rule that all facts essential to jurisdiction should appear in the proceedings of courts of inferior jurisdiction.

Under the facts above set out, we think it sufficiently appears that Justice Gore had jurisdiction to conduct and determine the preliminary hearing in question, and as petitioner waived preliminary examination and was thereupon regularly committed to the custody of the jailer to answer an indictment, we cannot consider the allegations of want of probable cause. Discharge of the prisoner on the writ will be denied.

However, upon the application of the prisoner to be admitted to bail, we are of the opinion that good cause therefor has been shown, and that he is entitled to give bail for his appearance before the circuit court of Logan county on the first day of its next regular term, to answer any indictment which may be returned against him on the charge aforesaid, and will fix the penalty of his bond in the sum of $2500, with good security to be approved by the clerk of this court, conditioned for his appearance as above indicated.

*Petitioner remanded.*