# CHARLESTON.

STATE ex rel. JOHN LOCKETT et al. v. BOARD OF COMMIS-
SIONERS OF THE CITY OF HUNTINGTON

(No. 6002)

Submitted May 17, 1927.      Decided May 24, 1927.

MANDAMUS—*Mandamus Does Not Lie to Compel Issuance of Pool
and Billiard License in Connection With Restaurant, to
Applicants Who Harbored Undesirable People (Acts 1921,
c. 109, § 35a).*

Mandamus will not lie to compel municipal authorities to
grant a license to conduct a pool and billiard business in con-
nection with a restaurant, where it is shown that the appli-
cants have theretofore in the operation of their restaurant
and rooming house, located at another place in the city, per-
mitted bootleggers, lewd women, and police court characters
to frequent these places of business in which numerous arrests
have been made for infractions of law. The refusal is based
on sound discretion for the protection of the public welfare;
has not been arbitrarily or capriciously exercised, and will
not be controlled by mandamus.

(Licenses, 37 C. J. § 97; Mandamus, 38 C. J. § 356.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not
part of syllabi.)

Original proceeding by the State, on the relation of John
Lockett and another, for mandamus to be directed to the
Board of Commissioners of City of Huntington.

*Writ refused.*

J. J. Quinlan, for relators.
George S. Wallace and Philip P. Gibson, for respondents.

LIVELY, JUDGE:

By this mandamus proceeding, the petitioners, John and
C. A. Lockett, seek to compel the Board of Commissioners of
the City of Huntington, to issue them a license to conduct a
pool room and billiard hall at No. 830 Seventh Avenue,
Huntington. This business will be operated in conjunction
with petitioners' restaurant in the same building, they having

recently purchased this property and spent $1,200.00 in re-
modelling it for these and other purposes. The petitioners
formerly conducted a rooming house and restaurant at 808-
808½ Third Avenue in the same city.

It is averred in the petition for the alternative writ, that
on January 1, 1927, the petitioners obtained a license to con-
duct their restaurant at 808 Third Avenue, (which they had
been running for a number of years), that having purchased
the property at 830 Seventh Avenue, they had their restau-
rant license reissued so as to apply to that location; that in
May, 1927, they applied to the Board of Commissioners to
grant them a license to operate a pool room and billiard hall
at the new address, but that it was refused, upon the ground
that a petition opposing the granting of the license had been
filed at a previous meeting of the Board, "and for other
causes duly considered by the commissioners;" that their
effort to have the matter reconsidered was unavailing, the
Board refusing to do so, "for good cause shown"; that peti-
tioners have always conducted themselves as law abiding
citizens, and have never been charged with any violation of
law.  It is further averred that the Board has no power
to fix the qualifications of applicants for pool room licenses;
and that if the Board has the power to refuse such licenses,
it must not do so arbitrarily, as was done in the instant case,
but their refusal must be based upon reasonable grounds.

In their return to the alternative writ, the Board of Com-
missioners deny that the petitioners have always been good
and law abiding citizens, and aver that the restaurant and
rooming house operated by petitioners at No. 808 Third Ave-
nue, were not well conducted, but were the resort and rendez-
vous for loose women and dissolute characters, and that these
facts were brought to the attention of the Board at the time
they passed upon petitioners' application for a pool room
license at No. 830 Seventh Avenue. Respondents further
aver that under the provisions of the Code, and the municipal
charter of Huntington, the following ordinance was passed:

"Section 4: Every person desiring a license for
the purpose of keeping for public use or resort,

> a bowling alley, pool table, billiard table, baga-
> telle table, or any table of like kind, shall apply
> in writing to the Board of Commissioners of the
> City, and such writing shall state the house and
> fully describe the place for which such license is
> desired, and the Board of Commissioners, may,
> in its discretion, grant or refuse such application.''

And that in refusing petitioners' application the Board
had acted under the authority conferred by this ordinance.

Respondents further say that their action in refusing to
grant petitioners a pool room license, was based upon a peti-
tion filed with them by citizens owning property in the vicinity
of No. 830 Seventh Avenue, who claimed that to allow peti-
tioners to establish their pool room in this locality would
greatly damage their properties because of the. disreputable
persons who would frequent the place, and, upon the belief
of the Board that they were acting for the welfare of the
city in refusing to grant a pool room license to persons who
had previously conducted their restaurant and rooming house
in such a manner as to make them a rendezvous for the dregs
of human society, with the likelihood that the same condition
of affairs would soon exist at their new place of business.

According to affidavits of three members of the police force
of the City of Huntington, two of them being lieutenants, filed
in support of the return of the Board, the restaurant and
rooming house operated by the petitioners at 808-808½ Third
Avenue, were the headquarters for lewd women, dissolute men
and people of general bad character; and that ''they not only
occupied and frequented the building in which the restaurant
and rooming house were conducted, but they crowded and
overflowed into the sidewalk in front of the place and about
the door''; that the police from time to time were sent to
the premises to preserve and restore order therein; that the
neighborhood at and surrounding 830 Seventh Avenue is a
respectable neighborhood, and that if the petitioners are
granted permission to operate a pool room and billiard hall
at said premises, the same sort of persons who frequented
the petitioners' former place of business would follow to
the new location and would adversely affect that neighborhood

as a residential section, and destroy property values; that a
number of arrests have been made in petitioners' rooming
house and restaurant at 808-808½ Third Avenue, and prosti-
tutes and men engaged in the handling of liquor have been
taken into custody.

James Murphy, one of the Board of Commissioners, filed
his affidavit in support of the respondents' return, in which
he states that when the application of the petitioners was
filed with the Board, they were advised that the Board would
take time to investigate whether the license should be granted;
and that thereafter, the affiant made investigations to aid
him in determining whether the application should be granted;
that later a petition in writing protesting against the issuance
of the license, signed by property owners in the vicinity of
No. 830 Seventh Avenue, was received and held for investi-
gation; that subsequent to this time a hearing was held upon
said application, at which hearing both the applicants and
protestants were heard, and the Board of Commissioners re-
fused the application on the ground of a protest and "for
other causes duly considered by the commissioners". The
affiant corroborates the affidavits of the police officers as to
the character of the place formerly run by petitioners at 808
Third Avenue, and says that with the evidence before it he
believes the Board of Commissioners was justified in refusing
petitioner's application for a pool room license, in order that
the welfare of the City of Huntington might be promoted.

The petitioners filed a number of affidavits in support of
their petition. Several of these affidavits were to the effect
that the character of the neighborhood in Seventh Avenue
near where the petitioners desire to operate their pool room
is such that it would not be injuriously affected by the con-
ducting of their place of business in that locality. Petitioners
made affidavit to the fact that they had never been interested
in any business in the City of Huntington except their restau-
rant business. Affidavits were also filed to show that the
police records and justice of peace and court records failed
to disclose that either of the petitioners had ever been charged
with any violation of law.

There can be no doubt that. the Board of Commissioners had the power under the ordinance heretofore quoted to exercise a reasonable discretion in granting or refusing to grant the petitioners' application for a pool room license. Sec. 6, Chap. 11, Acts 1921 (Municipal Charters); and Sections 35 and 35a, Chap. 109, Acts 1921. And this being true, the question which controls here is whether the Board of Commissioners, having discretion to grant or refuse pool room licenses, can refuse such license to an applicant to operate pool tables in connection with a restaurant, it being shown that the restaurant has heretofore (when located at 808 Third Avenue) catered to and has been frequented by women of ill repute, bootleggers and undesirable persons of like character? Has the Board abused its discretion and acted arbitrarily in refusing to grant the license?

We have held that the operation of pool and billiard tables is a legitimate business and one not *malum per se,* and that the discretion conferred to grant or refuse licenses for such a business must not be exercised arbitrarily; that its exercise must have some reasonable foundation of fact, and not be governed by vague and fanciful reasons. *Hardman* v. *Town of Glenville,* 102 W. Va. 94. But, "When the licensing officers, after examination and consideration honestly and impartially made, can point to some reasonable basis for refusal, their judgment and discretion will not be disturbed by the courts." *State ex rel. Hoffman* v. *Clendenin,* 92 W. Va. 618, 29 A. L. R. 37. And, "The exercise of such discretion does not necessarily involve the conformance of the applicant to certain definite standards which can be made known in advance, but requires the exercise of personal judgment and the discretion of the licensing officers, and which honestly made can not be made subject to review by the courts, by writ of mandamus or otherwise. All that is required in such case is that the discretionary decision shall be the outcome of examination and consideration." *State ex rel. Hamrick* v. *Pocahontas County Court,* 92 W. Va. 222. In the instant case the Board of Commissioners says that it has refused petitioners' application only after an examination has been

made and due consideration given to the matter. And there is some basis of fact to support the finding of the Board, that because of the character of the business formerly conducted by petitioners at 808 Third Avenue it would be for the welfare of the City of Huntington, and especially those citizens and property owners living in the vicinity of 830 Seventh Avenue, not to permit petitioners to operate a pool room and billiard hall there, with its probable attendant evils. We cannot say that the Board has arbitrarily or capriciously exercised its discretion. Generally, mandamus will not issue to control discretion expressly given. *County Court* v. *Holt,* 61 W. Va. 154; *Buxton* v. *O'Brien,* 97 W. Va. 343; *Ellis* v. *Road Commission,* 100 W. Va. 531.

The writ will be refused.

*Writ refused.*