# CHARLESTON.

STATE *ex rel.* W. L. SMITH *v.* TOWN OF RAVENSWOOD *et al.*

(No. 6143)

- Submitted November 29, 1927.   Decided December 6, 1927.

1.   MANDAMUS—*Discretionary Action by Town Council, Impartially Exercised After Investigation, and Consideration,
     Cannot be Controlled by Mandamus.*

     Discretionary action by a town council impartially exercised after investigation and consideration cannot be controlled by mandamus.

     (Mandamus, 38 C. J. § 258.)

     (NOTE: Parenthetical references by Editors, C. J.—Cyc. Not
     part of Syllabi.)

Original proceeding by the State, on the relation of W. L. Smith, for mandamus to be directed to the Town of Ravenswood and others.

*Writ refused.*

*Grover C. Hedges,* for relator.

*M. C. Archer* and *Lewis H. Miller,* for respondents.

HATCHER, PRESIDENT:

W. L. Smith filed a petition in this Court stating that he was a resident of the Town of Ravenswood; that he was a man of good moral character; that he was the owner of a certain building in the town in which he desired to conduct a pool room; that several years ago he had operated a pool room in the same building which he had managed in strict compliance with the laws of the State of West Virginia and the ordinances of the town; that no complaint was ever made by the town or by any of its officers of the manner in which his pool room was conducted; that he had made application to the town council on September 2, 1927, to issue him a license to operate a pool room in his said building; and that his application was refused on the sole ground, as stated by the council, that ''pool rooms are detrimental to the good morals and the good peace of the town''. Petitioner prayed that an alternative writ of mandamus be awarded against the town council requiring it' to issue forthwith to petitioner a license to operate the pool room or show cause why it should not do so.

An alternative writ was issued in compliance with the petition, and a return thereto was made by the Town of Ravenswood signed by J. W. Hall, Mayor; B. E. Cole, Recorder, and by Councilmen Ira Boso, C. E. Mason, Thomas Wolfe and M. E. Polsene. The return denies that the relator conducted the pool room which he formerly operated in a lawful manner, and charges that he permitted boys under the age of eighteen years to frequent it (the room); that it was a rendezvous for bootleggers and other vicious persons; that fights and drunken rows occurred there; that when relator's

license expired a renewal was refused because of his alleged unsavory management; that the building owned by relator is in a section where law-breakers congregate, where more than ninety per cent of all the crimes of the town are committed, and is therefore not a suitable place for a pool room; and that after full, careful and impartial investigation of the matter respondent determined that the operation of a pool room where relator proposed would entail the employment of extra police force at a cost of not less than $100.00 per month in order to properly police that section. The return admits that all of the above reasons do not appear in the original order refusing the license, but alleges that the council considered them in reaching its conclusion.

Numerous affidavits are filed by the parties which are accorded evidential value by agreement of counsel. Among those of the relator are affidavits of Councilmen Boso, Polsene and Ritchie to the effect that the location of relator's building and the manner in which he had formerly conducted a pool room "did not enter into the refusal to grant such license". These affidavits evidently refer only to the refusal of September 2nd as the return of respondent stating the contrary is signed by Boso and Polsene and councilmanic consideration of the above matters at a later date (but before the return was made) is fully established by the following order entered of record by the council on October 21, 1927: "This day the matter of granting or refusing an order to enable W. L. Smith to procure from the Recorder of this Town a license or certificate to operate a pool room therein came on again to be heard upon the application of the said W. L. Smith, upon the alternative writ of mandamus served upon J. W. Hall, Mayor, and D. E. Cole, Recorder, and upon a full discussion of the said application and writ of mandamus mentioned above. And all members of the council being present, it was decided and determined that the cost of extra police would amount to $1,200.00 per year should said license be granted to operate a pool room in the Smith building near the railroad station; that the location where said building is located is not a proper place for a pool room; that the manner in which said pool room business was conducted by the said

W. L. Smith at the same place at a prior time was unsatisfactory and not in accordance with law; and that the said W. L. Smith has not shown himself able to properly conduct such business in the manner required by law. It is therefore ordered by the common council that the said application of W. L. Smith for a license be refused.''

Respondent's defense is not limited to its minutes of September 2nd, but it may also rely upon what occurred October 21st. *Ex rel. Miller* v. *City of Spencer,* 93 W. Va. 516, 38 C. J., p. 892, sec. 616. The order of October 21st shows that the basis for the refusal then recorded was not arbitrary but reasonable—the result of ''examination and consideration'', apparently ''honestly and impartially'' made. It is well settled that the discretionary judgment of a respondent in such case will not be disturbed. *Ex rel. Hamrick* v. *Court,* 92 W. Va. 222; *Ex rel. Hoffman* v. *Clendenin,* 92 W. Va. 618; *Ex rel. Lockett* v. *Commissioners,* 103 W. Va. 723 (727-8).

The peremptory writ will be refused.

*Writ refused.*