STATE *ex rel.* DR. W. M. LEWIS

*v.*

H. C. WARTH, JUDGE OF THE COMMON PLEAS
COURT OF CABELL COUNTY, WEST VIRGINIA

(No. 10061)

Submitted April 6, 1948. Decided May 18, 1948.

*Thomas West,* and *Salisbury, Hackney & Lopinsky,* for relator.

*C. M. Morgan,* for respondent.

KENNA, JUDGE:

This mandamus proceeding was brought by Dr. W. M. Lewis against Honorable H. Clay Warth, Judge of the Common Pleas Court of Cabell County, for the purpose of requiring the respondent to rescind an order entered in that court on the twenty-second day of March, 1948, authorizing the search of the petitioner's office and the removal therefrom of certain papers, the property of petitioner. The contention of the petitioner is that the order authorizing the search was based entirely upon the unsworn representation of the prosecuting attorney that he had been informed that the search would reveal written statements of various persons upon whom Lewis

had performed criminal abortions that would be material in the prosecution of Lewis in a pending charge of murder, the State contending that the death of Mildred Ferguson was caused by a criminal abortion performed by Dr. Lewis.

On Saturday, March 20, 1948, the petitioner, Dr. W. M. Lewis, a practicing physician residing in Huntington, was arrested by a member of the Department of Public Safety under a warrant issued by a justice of the peace charging him with the murder of Mildred Ferguson due to a criminal abortion performed by the accused resulting in her death. The petition alleges that the arrest occurred at approximately eleven-thirty in the morning at Dr. Lewis' office; that Dr. Lewis was immediately taken to the Cabell County jail and there imprisoned until Monday morning at around ten o'clock, at which hour the Prosecuting Attorney of Cabell County appeared before the Common Pleas Court of that county and upon his unsupported motion procured the entry of the following order:

"STATE OF WEST VIRGINIA,

vs:

W. M. LEWIS

"This day came the State of West Virginia by E. H. Greene, Prosecuting Attorney of Cabell County, and represented to the Court that there had been a warrant sworn out against the above-named defendant charging him with murder and that he is now in custody under said warrant; that he has been informed that there are now on file in the office of the said defendant various signed statements of persons upon whom he has allegedly performed abortions and which statements are considered material evidence in this case in order to show a scheme, design and course of conduct on the part of the said defendant and he, therefore, moves the court for the entry of an order authorizing the removal of such records and statements and further for authority to break and enter any safes or cabinets in which such records may be found and impounding them in the cus-

tody of the State Police to be used as material evidence in the trial of the said defendant.

"Upon consideration of which the said motion is granted and the said State Police is authorized and ordered to examine the office of the said defendant and to take possession of the said signed statements found therein and to safely keep the same to be used as evidence in the trial of the said case.

"A certified copy of this order shall be sufficient authority to the said State Police for their compliance therewith.

"ORDER
"ENTER     /s/     H. C. WARTH
JUDGE"

Section 6 or Article 3 of our Constitution reads as follows:

"The rights of the citizens to be secure in their houses, persons, papers and effects, against unreasonable searches and seizures, shall not be violated. No warrant shall issue except upon probable cause, supported by oath or affirmation, particularly describing the place to be searched, or the person or thing to be seized."

The petition alleges that the order was immediately placed in the hands of a member of the Department of Public Safety who proceeded to execute it by first going to the county jail where, after informing Dr. Lewis of the order's purport, Lewis was required to accompany the officer to Lewis' office which was in his residence. Dr. Lewis demanded the right to consult his attorney. This was denied, the officer stating that he was acting under an order of the Common Pleas Court and that the accused could not be benefited by the advice of counsel.

The statements of the petition and those of the answer are in conflict in recounting the occurrences that followed upon arriving at Dr. Lewis' office. The petition alleges that Dr. Lewis refused to open his safe until told by the officer in possession of the order that if he did not do so he, the officer, would be required to "shoot it open". The

answer of the officer states that Dr. Lewis opened the safe voluntarily. In any event the safe was opened and twenty-odd statements in writing, one by Mildred Ferguson, removed therefrom. The substance of the statements was that each of the signers, evidently former patients of Dr. Lewis, had injured herself by a self attempted abortion and had sought treatment by Dr. Lewis for the purpose of preventing the development of blood poisoning as a result.

Judge Warth demurs to the petition and assigns as ground that mandamus is not a remedy by which a court may be required to vacate or annul an order or correct an error unless it is plainly discernible that the lower court is wrong. Being of the opinion that the allegations of the petition show plainly that the circumstances complained of constitute a search of the personal possessions and effects of one not consenting thereto, based upon a mere *ex parte* oral motion, the demurrer to the petition is overruled.

The search here involved was not made as an incident accompanying a lawful arrest (see 47 Am. Jur. 50) nor by virtue of a search warrant. It was made in compliance to an order of the Common Pleas Court of Cabell County entered pursuant to the unsupported motion of the prosecuting attorney.

The answer of Judge Warth fails to allege facts which justify the entry and execution of the order in question. The order shows on its face that it was entered because of what the prosecuting attorney had represented to the court he had been informed concerning statements in writing considered material in order to show a scheme, design and course of conduct upon the part of the accused. Our attention has not been directed to a case or to an authority that would justify a search of this kind without a complaint in writing or, perhaps in this jurisdiction, oral, (see *Ex Parte Hickey,* 93 W. Va. 411, 414, 116 S. E. 165) made under oath. Certainly a search warrant could not be so issued. This for the reason that probable cause

is required to be established before a judicial tribunal on a proceeding in the nature of an *ex parte* hearing before the issuance of a search warrant may be procured. Search warrants are not issued upon mere motion. While we do not say that a court order cannot, under proper circumstances, be used as a substitute for a search warrant, we have no hesitancy in stating emphatically that the showing which would justify the substitution of a court order in lieu of a search warrant would in all respects have to be equivalent to a complaint which would justify a search warrant's issuance, and further, that that showing should be recited in the body of the order.

The contention that Dr. Lewis voluntarily opened his safe and consequently consented to the search of his premises we think lacks merit, because Lewis had previously been informed that a court order had been entered requiring the officers to search his office. *State v. Littleton*, 108 W. Va. 494, 151 S. E. 713. Lewis was in custody for murder. He had asked to be permitted to consult his lawyer. That request was refused. Evidently he knew the combination of his safe. The officer didn't. From the judge of the court whose order was being obeyed, the argument that under the circumstances he should have protested further instead of showing a wholesome, though compelled, respect for our courts, cannot be entertained.

We have thought it unnecessary to discuss the principles governing a search coincidental to the making of an arrest because here the arrest was on Saturday and the search on the following Monday. For an abortion case in which search was conducted at the time of arrest and papers of the same nature as those in this case were seized and admitted in evidence, see *Davis* v. *State*, 30 Okl. Cr. 61, 234 P. 787. In no event does the making of an arrest justify what the Supreme Court refers to as an "exploratory search." *United States* v. *Lefkowitz*, 285 U. S. 452, 76 L. ed. 877, 52 S. Ct. 420, 82 A. L. R. 775, and annotations beginning at page 782.

For the foregoing reasons the peremptory writ of mandamus will issue requiring Judge Warth to rescind the

442

order of March 22, 1948, and to include in the order of rescission a command directed by Beryl Langford, a member of the Department of Public Safety, requiring delivery to W. M. Lewis of the papers he took from Lewis' safe and all copies, carbon, photostatic or otherwise, of those papers made since they were in his possession.

*Writ awarded.*