STATE *ex rel.* STEWART M. PAYNE

*v.*

BOARD OF EDUCATION OF JEFFERSON COUNTY, *et al.*

(No. 10345)

Submitted January 10, 1951.   Decided February 13, 1951.

*Edwin F. Lark,* for relator.

*Lee Bushong, Jr., Henry W. Morrow,* for respondents.

HAYMOND, JUDGE:

This is an original proceeding in mandamus in this Court by the State of West Virginia at the relation of Stewart M. Payne, a Negro teacher and principal of the Page-Jackson Eagle Avenue Schools, in Charles Town, West Virginia, to compel the defendants, Board of Education of Jefferson County and T. A. Lowery, County Superintendent, to pay the sum of $733.50, to which the petitioner claims he is entitled as salary for duties performed by him during the school years 1948-1949 and 1949-1950, under a continuing contract between the petitioner and the board of education. The case was heard and submitted upon the petition, the demurrer and the answer of the defendants, and the special replication of the petitioner to the answer.

The material facts, other than those relative to the charge that the conduct of the defendants in fixing the salary of the petitioner constitutes discrimination against him on account of his race, are not disputed and the legal question presented by the pleadings involves the proper interpretation and application of certain provisions of Section 2, Article 7, Chapter 75, Acts of the Legislature, 1947, Regular Session.

The petitioner has a master's degree from the University of Michigan, an institution qualified and approved by

the State Board of Education, and holds a first-class high school certificate and also a valid certificate for life under Sections 25 and 30, Article 7, Chapter 31, Acts of the Legislature, 1941, Regular Session. On September 3, 1948, he entered into a written teachers continuing contract of employment with the defendant board of education under which he was given the position of principal of the Page-Jackson Eagle Avenue Schools, two consolidated elementary schools located in one building, and during the school years 1948-1949 and 1949-1950 he performed the duties assigned to him in that employment. As principal of those schools during that period he had supervision of fourteen teachers and taught for one hour each day. The contract of employment of the petitioner did not fix his salary in any specified amount but provided that his salary should be paid "as required by law". It does not appear that petitioner was charged with the responsibility of a school lunch program apparently required of principals of some of the other schools of the county, or that his school days were as long or his administrative duties as heavy as those of principals of some other Jefferson County public schools.

The petitioner insists that under the provisions of Section 2, Article 7, Chapter 75, Acts of the Legislature, 1947, Regular Session (Michie's Annotated Code, 1949, Chapter 18, Article 7, Section 2), he is entitled to receive a total monthly salary, during the 1948-1949 school year of nine months, of $474.00, instead of $400.00 per month, and a total monthly salary of $481.50, during the 1949-1950 school year of nine months, instead of $474.00 per month. The part of his claim which relates to the 1948-1949 school year is itemized in this manner: $225.00 basic salary, as specified in the statute; $10.00 additional basic salary fixed by the board; $96.00 for sixteen years experience at the rate of $6.00 per month for each year of such experience as specified in the statute; $24.00 for such experience at the rate of $1.50 per month for each year, fixed by the board; and $119.00 per month, advanced salary based upon the supervision by the petitioner of fourteen teachers at the

two consolidated schools at which he served as principal. The difference claimed by the petitioner between the monthly amounts of $474.00 demanded and of $400.00 paid is $74.00 for each of the nine months of the 1948-1949 school year, or $666.00. The other portion of his claim relates to the school year 1949-1950 and involves two items: $102.00 for seventeen years experience, instead of $96.00 paid him for sixteen years experience, at the rate of $6.00 per month for each year of experience as specified in the statute, a difference of $54.00 for that school year, and $25.50 for seventeen years experience, instead of $24.00 paid him for sixteen years experience, at the rate of $1.50 per month for each year, fixed by the board, a difference of $13.50 for that school year, or a total amount of $67.50. The aggregate of the items of $666.00 for the school year 1948-1949, and of $67.50 for the school year 1949-1950, is $733.50, and constitutes his claim in its entirety. For the year 1949-1950 he was paid his basic salary of $225.00 per month, as specified in the statute; $10.00 per month, additional basic salary fixed by the board; $119.00 per month, advanced salary or increment, based upon his supervision of fourteen teachers; and the monthly sums of $96.00 and $24.00 based on his experience of sixteen years, or a total sum per month of $474.00. He contends that he should have been paid an additional $7.50 per month, on account of his seventeen years experience, or a total of $481.50 per month. The difference between the amount paid and the amount claimed by him for the 1949-1950 school year is $67.50.

In addition to his assertion that he is entitled, by virtue of the provisions of Section 2, Article 7, Chapter 75, Acts of the Legislature, 1947, Regular Session, to the payment of his claim, the petitioner alleges that the defendants have refused, and now refuse, to pay him upon the same basis and upon the same scale as they have paid, and now pay, white principals who occupy similar positions in other schools in Jefferson County, and that the conduct of the defendants, in the particulars indicated, constitutes

unjust and illegal discrimination against him on account of his race and color.

By their answer the defendants deny the claim of the petitioner to any sum of money and his allegations that they have practiced racial discrimination against him. They resist the issuance of a writ of mandamus in this proceeding upon these principal grounds: (1) That petitioner has been paid the salary to which he is entitled under the statute; (2) that the defendant, board of education, is vested with discretion in fixing the advanced salary increments of principals employed by it, which discretion, based upon duties assigned and performed by them, may not be controlled by mandamus; and (3) that mandamus is not the proper remedy for the recovery of any salary claimed by the petitioner.

The charge of the petitioner of racial discrimination against him by the defendants is not sustained by any proof. It is emphatically and flatly denied by the defendants in their answer, which also expressly states that other named Negro principals in different schools in the county were paid more than the salary claimed by the petitioner, that some named white principals in other county schools were paid less, and others also named were paid more, than the salary claimed by him, and that the salaries fixed and paid by the board were not determined by any arbitrary standard but were based upon and were in proportion to the duties assigned to and performed by each of such principals. These allegations are not successfully controverted by the petitioner and are not, in any particular, shown to be erroneous. The facts disclosed by the record clearly indicate that the defendants have not practiced racial discrimination in any form or degree against the petitioner during his period of employment or against any other principal employed by the board of education and that the charge of the petitioner in that respect is not established.

The pertinent provisions of Section 2, Article 7, Chapter 75, Acts of the Legislature, 1947, Regular Session, upon

which the petitioner relies to sustain his claim to relief by mandamus are expressed in these terms:

"Boards of education shall fix the rate of salary to be paid teachers in accordance with the following classifications and requirements:

"(A) Basic salaries shall be salaries fixed for teachers in accordance with the certification classification of the teachers. Such salaries shall be those set forth in the following schedule:

"* * *.

"(6) For teachers who have received a master's degree in an institution qualified and approved to do graduate work, holding the collegiate elementary, first-class high school, or other certificate of equal rank, at least two hundred and twenty-five dollars a month.

"* * *.

"Basic salaries shall be uniform throughout the state for teachers holding equivalent credentials.

"* * *.

"(B) Advanced salaries shall mean any salaries greater than basic salaries. Advanced salary increments shall be the increments added to the basic salaries of teachers for experience and for such other services as recognized herein. Salary increments for teaching experience shall be those set forth in the following schedule:

"* * *.

"(5) For teachers who have received a master's degree in an institution qualified and approved to do graduate work, holding a collegiate elementary certificate, first-class high school, or other certificate of equal rank, the rate of salary shall be the basic salary plus at least six dollars a month for the second term; and the basic salary plus an additional annual increase of at least six dollars a month for each year taught thereafter to and including the seventeenth year.

"Boards of education may fix higher salaries for high school and elementary school principals, teachers of one-teacher schools, and any teacher assigned to or employed for duties other than or in addition to his regular instructional duties, by the addition of further increments consistent with the duties performed. Such additional salary increments shall conform to the regulations of the state board of education.

"Advanced salaries shall be uniform throughout the district for teachers holding similar credentials and in the same classification as to experience and duties.

"* * *.

"Any board of education failing to comply with the provisions of this section may be compelled to do so by mandamus."

In support of his claim the petitioner produces a memorandum issued by the State Board of Education, dated July 17, 1947, which contains a resolution by which that board favored the maintenance of the additional salary increments for elementary and secondary school principals in effect during 1946-1947, for a full school term of nine months. The memorandum sets forth a schedule of monthly salary increments for principals holding different types of certificates and lists the increment for a principal holding a principal's certificate and having a school with fourteen teachers at $119.00 per month, which is the amount the petitioner insists should have been paid to him for the school year 1948-1949, instead of the monthly increment of $45.00 which he received from the county board of education during that school year.

As to the advanced salary increment of $119.00 per month claimed by the petitioner for the school year 1948-1949, instead of the monthly increment of $45.00 paid him for that year, the petitioner contends that under the statutory provisions "Such additional salary increments shall conform to the regulations of the state board of education.", and "Advanced salaries shall be uniform

throughout the district for teachers holding similar credentials and in the same classification as to experience and duties", he is entitled to an advanced salary increment of $119.00 per month for his services during the year 1948-1949. In support of this contention he also invokes the memorandum of the State Board of Education of July 17, 1947, which he asserts is a regulation of the state board, and insists that the controlling factor by which such advanced salary increment is to be determined is the number of teachers under the supervision of a principal of an elementary or a secondary school who holds a principal's certificate. The argument advanced to support his contention is that as he supervised fourteen teachers at the Page-Jackson Eagle Avenue consolidated schools during the school year 1948-1949, he should be paid the advanced salary increment of $119.00 per month as set forth in the schedule contained in the memorandum.

The contention of the petitioner that he is entitled to the advanced salary increment of $119.00 per month for the school year 1948-1949, is without merit. The memorandum of July 17, 1947, is not a regulation of the State Board of Education which required the board of education of Jefferson County, within the meaning of the above quoted statutory provision, to fix and pay the salary increments mentioned in it for the year 1948-1949. It is instead an informative bulletin which enumerates the salary increments in effect during 1946-1947, and indicates that the state board favored the maintenance of those increments by county boards of education for schools operated by them upon the basis of a full nine months school year. It is a mere suggestion or recommendation and is not compulsory upon the board of education of Jefferson County. If it had been a binding regulation of the State Board of Education it would have made the enumerated schedule effective and required the county boards of education to which it applied or was directed to observe and comply with its provisions. Nothing of this character appears from the memorandum which was not adopted or made effective by the board of education for the school

year 1948-1949, and for that reason, its provisions did not apply to the petitioner during that school year. The schedule set forth in the memorandum, however, was later adopted and made effective by the board of education of Jefferson County, for the school year 1949-1950, and, as already indicated, the advanced salary increment of $119.00 per month, based upon the supervision of fourteen teachers by the petitioner, as specified in the schedule, was paid to him for that school year; but that action of the board does not relate to his salary increment for the school year 1948-1949, or entitle him to the increment of $119.00 per month, which he claims for that school year.

The record in this proceeding does not disclose any similarity, except in the character of the certificates of school principals, between the consolidated schools of which the petitioner was the principal and other high schools or elementary or secondary schools in Jefferson County. On the contrary it appears that the experience of the principals of various schools in Jefferson County, including the consolidated schools of which the petitioner was principal, the number of teachers supervised, and the duties assigned to and performed by each of them, were materially different at each school. None of these principals had exactly the same experience, the same number of teachers, the same teaching hours each day, or the same duties to perform. In consequence, the provision of the statute that "Advanced salaries shall be uniform throughout the district for teachers holding similar credentials and in the same classification as to experience and duties" does not apply to the experience or the duties of the petitioner as the principal of the Page-Jackson Eagle Avenue consolidated schools.

In the absence of a regulation of the State Board of Education to the contrary, and of substantial similarity in the experience and the duties of the petitioner to those of any other principal of a school in Jefferson County, the board of education of that county has discretion to fix and determine the advanced salary to be paid to the principal

of each school. The statute expressly provides that "Boards of education may fix higher salaries for high school and elementary school principals, teachers of one-teacher schools, and any teacher assigned to or employed for duties other than or in addition to his regular instructional duties, by the addition of further increments consistent with the duties performed.", and the reasonable and proper exercise of its discretion by the county board of education may not be controlled by mandamus. This Court has repeatedly held that mandamus will not lie to control an officer or a tribunal in the performance of a discretionary act, in the absence of caprice, passion, partiality, fraud, arbitrary conduct, some ulterior motive, or misapprehension of law upon the part of such officer or tribunal. *Carter* v. *City of Bluefield,* 132 W. Va. 881, 54 S. E. 2d 747; *Robertson* v. *Warth,* 132 W. Va. 398, 52 S. E. 2d 237; *State ex rel. Conley* v. *Pennybacker,* 131 W. Va. 442, 48 S. E. 2d 9; *Walden* v. *State Compensation Commissioner,* 113 W. Va. 307, 167 S. E. 743; *State ex rel. Smith* v. *Town of Ravenswood,* 104 W. Va. 614, 140 S. E. 680; *State ex rel. Dillon* v. *Neal,* 104 W. Va. 259, 139 S. E. 757; *State ex rel. Lockett* v. *Board of Commissioners of the City of Huntington,* 103 W. Va. 723, 138 S. E. 397; *Swearingen* v. *Bond, Auditor,* 96 W. Va. 193, 122 S. E. 539, 36 A. L. R. 1500; *State ex rel. Noyes* v. *Lane,* 89 W. Va. 744, 110 S. E. 180. It does not appear that in the exercise of its discretion in assigning duties to the petitioner or in fixing his advanced salary increments for the school year 1948-1949, the defendant, board of education, acted capriciously, arbitrarily, or in any improper manner which justifies control of its action by mandamus.

The petitioner is not entitled to an advanced salary increment in the additional amount of $7.50 per month for the school year 1949-1950, aggregating the sum of $67.50 for that school year, which constitutes the second part of his claim. The allegation in the petition is that the defendant, board of education, owes him "$67.50 as unpaid advanced salary for the seventeenth year of experience during the 1949-1950 school year". The statute provides

that for teachers who have received a master's degree in an institution qualified and approved to do graduate work, holding a collegiate elementary certificate, first-class high school, or other certificate, the rate of salary shall be the basic salary plus an additional annual increase of at least six dollars a month for each year taught after the second term to and including the seventeenth year. The master's degree and the first-class high school certificate, held by the petitioner, bring him within the above provision of the statute; but that provision means that in fixing the amount of the minimum increase in salary for each year taught the first year is excluded from the actual experience of the teacher. In consequence, the petitioner, having seventeen years actual experience during the school year 1949-1950, is entitled to the minimum increase in salary of six dollars per month beginning with his second year and an increase in salary at that rate per month for each of his sixteen years experience after his first year of teaching experience, or the minimum salary increase for each year of his experience of sixteen years, instead of seventeen years, during the school year 1949-1950. The minimum rate of six dollars per month for each year of his sixteen years of teaching experience after the first year, during his seventeenth year of actual experience in the school year 1949-1950, amounts to the sum of $96.00 per month, instead of $102.00 per month as claimed by the petitioner, who in arriving at that amount does not exclude the first year from his actual teaching experience of seventeen years during the school year 1949-1950. On the same basis of computation, the additional increase in salary of $1.50 per month, allowed by the board, for each year of the sixteen years of experience of the petitioner after the first year of his actual teaching experience of seventeen years, amounts to $24.00 per month, instead of $25.50 per month as claimed by him, during the same school year. As the petitioner has been paid the amounts of $96.00 per month and $24.00 per month during the entire school year 1949-1950, and as these amounts were computed on the correct basis of his compensable teaching experience, he is not entitled to any additional increase in salary during any

part of that school year. Though it appears that the defendant, board of education, paid the petitioner certain monthly advanced salary increments based on an experience of sixteen years, during the school year 1948-1949, its presumably erroneous action in so doing does not entitle the petitioner to monthly advanced salary increments on basis for such payments during that year is an experience succeeding school year 1949-1950, when in fact the correct basis for such payments during that year is an experience of sixteen years.

The contention of the defendants that mandamus does not lie to compel the payment by a board of education of any salary which it may owe a teacher employed by the board is not well founded. Section 2, Article 7, Chapter 75, Acts of the Legislature, 1947, Regular Session, expressly provides that any board of education which fails to comply with the provisions of that section may be compelled, by mandamus to comply with the statute, and this section authorizes any teacher, who has not been paid salary or compensation to which he is entitled under the statute, to enforce its payment in a proceeding in mandamus. Before a petitioner is entitled to the writ in a proceeding in mandamus, however, he must show a clear legal right to the relief which he seeks to obtain. *State ex rel. Conley* v. *Pennybacker,* 131 W. Va. 442, 48 S. E. 2d 9; *State ex rel. Koontz* v. *The Board of Park Commissioners of the City of Huntington,* 131 W. Va. 417, 47 S. E. 2d 689; *Goloversic* v. *Arnold,* 128 W. Va. 272, 36 S. E. 2d 209; *Childers* v. *State Road Commissioner,* 124 W. Va. 233, 19 S. E. 2d 611; *Ebbert* v. *Bouchelle,* 123 W. Va. 265, 14 S. E. 2d 614; *Brumfield* v. *Board of Education,* 121 W. Va. 725, 6 S. E. 2d 238; *Rusinko* v. *Shipman,* 111 W. Va. 402, 162 S. E. 316. The petitioner in this proceeding has not established the right to receive the salary which he claims. In consequence the writ prayed for in the petition is denied.

*Writ denied.*